LE BLANC, Justice.
 

 The State of Louisiana, through one of its departments known as the Department of Highways', instituted this proceeding to acquire by expropriation, in full ownership, for its use and purposes in constructing a State Highway running through Ascension Parish, a certain parcel of land containing .708 of an acre at Prarieville, in that Parish.
 

 In its original petition it alleged that the property was owned by Joseph Burlesen Landry with whom it had been unable to agree with regard to obtaining it. It was
 
 *459
 
 afterwards discovered that the property was owned jointly by Joseph Burleson Landry and by Mrs. Ramona Landry Broussard, wife o'f Glavin Broussard and Mrs. Marion Landry Broussard, wife of Coy Broussard, Joseph Burleson Landry having transferred an undivided two-thirds interest to them after his acquisition. These facts are all set out in a supplementary petition and on plaintiff’s demand, both Mrs. Ramona Broussard and Mrs. Marion Broussard were made parties defendant.
 

 In the original petition it is alleged that the Prarieville-Nesser Highway will, when completed form a part of said State Route C-1500 which runs from a point in St. Landry Parish about three miles west of Krotz Springs to Canal Street in the City, of New Orleans and which is known as the Air Line Highway and that the construction of the said Prarieville-Nesser Highway will be greatly conducive to the public interest, convenience and safety and will form an important link in the State Highway system. It is also alleged that the width of the right of way for said highway has been fixed by the Chief Engineer of the Department of Highways and that the property sought to be expropriated is outlined on a print of a map made by the said engineer, and which is annexed to the petition, according to which, the property is fully -described by a survey and is shown to contain .708 of an acre.
 

 The improvements on the parcel of land are described as being 207 feet of barbed wire fence, one small open garage, two buildings of irregular shape joined together by a common front and measuring approximately 78 feet by 48 feet and two gasoline pumps and advertising signs.
 

 It is next alleged that of said parcel of ground .412 of an acre lies within, and the remainder outside of the existing right of way and that in order to' construct the project in a manner more conducive to the public interest it is necessary to acquire the full ownership of that part of the property within the existing right of way and, as that part which is outside has an area which is less than
 
 50%
 
 of the whole tract, petitioner has the right to expropriate the full ownership of the whole of said parcel of ground.
 

 The prayer of petition is that after citation and due proceedings had in accordance with a notice of the time fixed for the trial of the cause, there be adjudged to petitioner, “for its use and purposes, the full ownership of all of the above described parcel of ground -together with all of the buildings, and improvements thereon, upon payment to the said Mr. Joseph Burleson Landry, the said Mrs. Ramona Landry Broussard, and the said Mrs. Marion Landry Broussard, of the value thereof.”
 

 The order of the Court giving notice of the time • fixed for trial was signed on April 4, 1949, the same day on which the supplemental petition was filed, and May 17, 1949 was fixed as the day of the trial. It was not until the date of the trial that
 
 *461
 
 the defendants filed their answer in which, other than admitting that they are the owners of the property, they placed at issue all of the allegations of both the original and supplemental petitions by denying the same. In answering the allegations of the supplemental petition relative to the ownership of Mrs. Ramona Landry Broussard and Mrs. Marion Landry Broussard of an undivided interest in the property, it is averred that that interest was transferred to them by Joseph Burleson Landry merely for the purpose of placing in their names the interests and rights which they already owned as the property was originally purchased with the joint funds of all three of the parties.
 

 In their answer defendants aver the main buildings on the property have an area of 3020 square feet and that instead of 207 feet there are actually 450 feet of wire fence on the property. Further they aver that in addition to the improvements enumerated in plaintiff’s petition there is a Butane Gas System which is valued at $275.00, two septic tanks used in connection with the buildings which have a value of $400.00 and a 425 foot water well complete with two Inch pipe and a one and a half horse power motor, having a value of $500.00. Defendants further aver that inside of the buildings there are certain fixtures such as Venetian blinds, an attic fan, booths and tables, and also an air compressor, the total value of all of which amounts to $879.75.
 

 Defendants deny- that it is necessary for the State to expropriate their property as the highway which is presently constructed thereon is sufficient to take care of the needs of the community and in the alternative they aver that should any of their property be decreed necessary, the quantity sought to be expropriated exceeds that which is reasonably required for the purposes intended. In the further alternative it is averred that if all of it is required that they should be reimbursed the total value of their land and buildings which they value at $15,100.00, together with all other improvements thereon, all as. is set out and itemized in their answqr, the total amounting to the sum of $17,244.75. .
 

 After trial in the lower court judgment was rendered in favor of plaintiff adjudging and decreeing that the lands described in its petition according to the survey as ■reflected on the map made by the Chief Engineer of the Department of Highways “be and they are hereby adjudged to. the plaintiff, State of Louisiana, through the Department of Highways, for its use and purposes, upon the payment by it to the defendants, Joseph Burleson Landry, Mrs. Marion Landry Broussard and Mrs. Ramona Landry Broussard, of the sum of $15,345.00, and in accordance with law.” From that judgment plaintiff has taken and is prosecuting this appeal.
 

 All other issues raised by the pleadings other than the claims for money which the defendants may have as compensation
 
 *463
 
 for the property sought to be expropriated have passed out the case. By their failure to have filed their answer and serve a copy on the plaintiff within ten days after notice, as required by law, defendants have waived their other defenses with respect to the necessity of the expropriation of their property at all, and the alternative defense that more of their property is sought to be expropriated than is necessary. See LS A-RS 19:6 and 19:7.
 

 The testimony offered regarding the value of the property consists mainly of that of real estate experts, most of them from Baton Rouge, but all having some knowledge of the value of properties in the Parish of Ascension in the vicinity where defendant’s property is located. Plaintiff introduced four such experts, all of them from Baton Rouge and the defendants two from Baton Rouge and one residing at Gonzales, Parish of Ascension. Defendants also introduced a local building contractor who had knowledge of the value of property in the vicinity. The four experts for plaintiff as well as those for defendants had collaborated in making their respective estimates. Plaintiff’s witnesses had all agreed on the values placed by them on the different items of property such as the land itself, the buildings and other improvements. Those for the defendants likewise had agreed on their estimates and values of all the different items. There does not seem to be any disagreement among all of them with respect to the value of the land and also certain improvements on the property; the main difference between the two composite estimates is with respect to the value placed on the main building or buildings. They are not far apart in their estimate as to the area by square feet comprised in the building but their disagreement seems to be with regard to the replacement value of the building considering its present condition.
 

 Plaintiff’s experts figured the area of the building 3050 square feet and estimated a replacement value at $4.50 per square foot, but because of its depreciated condition they reduced the replacement value to $2.00 per square foot leaving a total value in its present condition of $6100.00.
 

 The experts for the defendants, on the other hand, figured the area of the building at 3020 square feet and estimated the cost of its replacement at $5.00 per square foot with a depreciation factor of 20% based on a fifty year use. The result they reached is that the building has a present value of $12,080.00.
 

 It is quite apparent that the difference in the estimates between these two groups of experts arises from their respective appreciation of the condition of the building. The plaintiff’s witnesses testified that in their opinion some parts of the building, especially the roof and some of the sills are in bad condition whereas the witnesses for the defendants were not of that opinion. Numerous photographs of the building were offered in evidence by each side.
 
 *465
 
 Those offered by plaintiff are mostly of the rear portion and were taken with the idea, most probably, of showing what it claims is the deteriorated condition of the building whereas those offered by defendants are of the front and show it to its best advantage. We are not strongly impressed with the proof presented by any o.f them. With regard to the front part of the building it is shown by a number of witnesses who testified from their own knowledge, that after certain storm damage in 1947, that part of it was entirely repaired and renovated.
 

 The estimates of values of the other improvements by the experts of the defendants do not seem to be seriously controverted. There arose some question as to whether the fence, for the value of which,
 
 20‡
 
 a lineal foot, or $90.00 is claimed, is entirely
 
 on
 
 the property of the defendants but plaintiff apparently was not able to satisfy the coiirt that it was not.
 

 Regarding the value of the land itself we find all witnesses agreeing that it is worth the sum of $1000.00. It is well situated for the business of a cafe, with bar, being conducted and it has an added esthetic value because of the number of trees growing on it. In front of the property, and adjoining the highway which presently passes in front of it, there is a fill, placed by the defendant, Joseph Landry. The cost of this fill is estimated by nearly all of the witnesses as being approximately the sum of $1000.00. However, it is contended that because most of it, if not all, is within the right of way which is presently owned by the State, its value cannot be included in the estimates made regarding the value of the whole property. The testimony of John H. Toby, witness for the defendant, who is engaged in the business of building and construction, and who had several years of employment by the Police Jury of the Parish of Ascension in road work, is to the effect that about 428 cu. yds. of dirt and 271 cu. yds. of gravel were used in constructing this fill, from which it appears that for the cost of material alone, the estimate of $1000.00 is very reasonable. It further appears from his testimony, however, that approximately two-thirds of the fill lies within the existing right of way and that being so defendants would be entitled to recover only one-third .of its estimated value.
 

 We are aware, of course, that there are several kinds of evidence which may be taken into consideration in determining the value of property which has to be condemned in an expropriation suit. Counsel for the State lists seven different kinds in their brief and they state that all except one was introduced either by plaintiff or the defendants, or both in this case. It is.a fact that there is a smattering of
 
 *467
 
 proof by other evidence of values but the real and substantial proof on which the judgment will have to rest arises out of the testimony of the various expert witnesses on both sides. What proof there is of other sales of property of a similar character in the vicinity and of rental values, is not sufficient to be of any aid in assisting the Court in fixing a true value. Reference is made to the sale of the very property involved in this case to the defendant, Joseph Burleson Landry, in July. 1943, when the consideration he paid was $3500.00 cash, and to the transfer made by him to his sisters, in 1947, of an undivided interest therein. It is a matter of such common knowledge however that we believe^udicial cognizance can be taken of the fact that values of all kinds of property have increased so very materially in the past few years that a price paid in 1943 can hardly serve as a criterion of value of the same property at this time. Besides, the price of $3500.00 paid in 1943 by Landry does not take into consideration the 'added improvements which he has placed on the property and the repairs made by him to the buildings. Regarding the transfer made by him of certain interests in the property in 1947, it does not seem to be disputed that that sale was merely a conveyance by him, as one of three parties, to the other two, of the interests they already owned in the property.
 

 There is testimony in the record concerning a lack of interest in a property that is being offered for sale, in the same vicinity and with a more attractive building than that of the defendant’s, and in which the same kind of business was formerly conducted; but the evidence also reveals that it is not as well situated on the highway as that of the defendants and besides, it is shown that the success of such business depends on its location and, in a large measure on the ability, character and personality of the person who owns and operates it.
 

 In resolving the question of value in this case we are left therefore, primarily, with the testimony of the experts presented by both the plaintiff and the defendants. The District Judge apparently adopted the estimates made by those for the defendants and disregarded entirely those of the plaintiff. The only items he seems to have disallowed were the movables in the building, such as Venetian blinds, booths and tables, etc., for which defendants claimed $879.75. In rejecting these items he was entirely correct. Where he erred was in not giving any effect whatever to the estimates made by the witnesses for the plaintiff concerning the value of the main building on the property. He also erred in allowing the full estimated value for the fill in front of the property as it is shown by the only testimony on the
 
 *469
 
 matter that at least %rd of the fill is on the State right of way already existing on the present highway.
 

 We are of the opinion that the estimates of defendants’ expert witnesses are somewhat inflated and exaggerated while those of the experts introduced by plaintiff are a bit too low. These experts all seem to be men of experience in their business and profession and no doubt they were all honest and sincere in giving their testimony. Since the two groups on each side seem to have collaborated in making their respective appraisements, a fair and equitable result, we believe, can best be reached by giving proper effect to all of the testimony on values. Such a result as calculated by us would lead to a figure of $9090.00 for the building, which is the main item in controversy. All the estimates place the value of the land, without the fill, at $1000.00. Deducting %rd of the estimated value of the fill, or approximately the sum of $660.00 from the total estimate of $2000.00, we are left with a balance of $1340.00. The value of the improvements on the property such as the Butane Gas System, deep well, septic tanks and fence, none of which items seems to be disputed, is the sum of $1265.00. By adding all items we reach a grand total of $11,695.00 which amount the defendants are entitled to be paid for their property. This will result in a reduction of $3650.00 in the amount of the judgment appealed from and in this respect, it will have to be amended.
 

 Counsel for th,e State have raised the point in their brief that the judgment as worded is ambiguous in that it does not adjudge to the plaintiff the full ownership of the property. In this contention counsel may be correct as the decretal part of the judgment merely adjudges the land to the State “for its uses and purposes.” We deem it proper to amend the judgment in that respect also and, in view of the necessity of the two amendments we are of the opinion that the better procedure would be to recast the decree entirely.
 

 For the reasons stated it is therefore ordered, adjudged and decreed that the judgment appealed from be recast and-made to read as follows: It is ordered, adjudged and decreed that the lands described in the decree of the judgment appealed from be, and they are hereby adjudged to the plaintiff, State of Louisiana, through the Department of Highways, in full ownership, for its uses and purposes, upon the payment by it to the defendants, Joseph Burleson Landry, Mrs. Marion Landry Broussard and Mrs. Ramona Landry Broussard of the sum of $11,695.00, and in accordance with law.
 

 It is further ordered that the plaintiff pay all costs of this proceeding.