71 So.2d 541

HOUSING AUTHORITY OF NEW ORLEANS

v.

BOUDWINE.

No. 40951.

Feb. 15, 1954.

Rehearing Denied March 22, 1954.

Sidney G. Roos, New Orleans, for defendant-appellant.

William J. Guste, James M. Colomb, Jr. and Roy F. Guste, New Orleans, for plaintiff-appellee.

HAMITER, Justice.

This appeal presents for determination only the question of the amount to which defendant is entitled for her expropriated property, it having consisted of a lot of ground in the City of New Orleans measuring 30 feet 6 inches in width by 128 feet in depth, together with the improvements thereon, and designated and known as 2722 Washington Avenue.

The district court awarded $13,650. Defendant appealed, demanding the sum of $25,175.

Comprising the improvements on the lot in question were two separate structures: a single dwelling house near the street and a two-story building in the rear. The former, chiefly of wood construction with a slate roof and brick front, was erected some thirty years ago and contained six rooms and a bath, along with an attached additional room. The other was built primarily with concrete blocks in the year 1945, and it had been arranged into six apartments (of two small rooms each) which the owner rented, she supplying all needed furnishings and utilities. Both buildings, when expropriated, were in very good condition.

 As a general rule the measure of compensation to be awarded in proceedings of this kind is the market value of the property—that is, the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy. And most important in determining the market value are sales of similar or comparable properties in the vicinity. Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295, City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36, Housing Authority of New Orleans v. Brinkmann (Young) La.Sup., 69 So.2d 37, and the numerous cases therein cited. Here, however, the record contains no satisfactory evidence of sales of land and improvements comparable to that involved. Hence, ascertainment of the true or intrinsic value must be sought by a consideration of other factors and circumstances. See authorities cited, supra.

 Appellant, in demanding an increase of the district court's award, relies largely on the rental obtained from her property, she asserting that an annual rental of some $4000 had been collected. Rental income, ordinarily, is to be considered, along with other factors, in arriving at the property's value. But that about which the defendant testified is of little assistance to us, for it represented a gross rental. She, in other words, rented completely furnished rooms and apartments and provided all utilities, as above stated; and the record does not disclose the expense to her of the supplied benefits and services so that we might compute the net or true rental.

■■ The greater part of the evidence adduced at the trial consisted of opinions of experts, and on them the decision herein hinges. Testimony of this nature is admissible and is often resorted to in fixing value in expropriation proceedings. Moreover, the opinion of each witness qualified and accepted as an expert should be given effect if and when it appears to be well grounded from the standpoints of sincerity and good reasoning. City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812, State v. Landry, 219 La. 456, 53 So.2d 232, and Housing Authority of New Orleans **v.** Brinkmann (Young), supra.

Satisfying this condition, and to which weight is to be accorded, are the opinions or estimates of plaintiff's two experts and those of three of the five experts who testified for the defendant. In their respective fields such witnesses were fully qualified and experienced; their estimates appear to have been conscientiously formed; and in testifying they explained in detail the manner in which the conclusions were arrived at.

With respect to the improvements, all estimates were based on replacement value less depreciation, a total area in square feet having been used for the respective computations. However, there was disagreement among some of the witnesses as to the size of the area, to the replacement cost per square foot, and to the percentage of depreciation allowable; and this accounted for the conflicting estimates given.

■ Plaintiff's two experts, both realtors, valued the improvements at $10,600 and the land at $3,050, or both at $13,650. Apparently, the district court accepted this estimate as being correct, for such was the amount awarded. On the other hand, the combined value fixed by defendant's three experts (two realtors and a contractor and whose opinions seem to be well grounded) was, as we calculate it, $14,320 for the improvements and $4,500 for the land, or a total of $18,820. By giving effect to this estimate as well as to that of plaintiff's experts as should be done in reaching a fair and equitable result, we conclude that the value of defendant's entire property was $16,235.

■ Incidentally, and supporting our conclusion, the record shows that plaintiff invested a total of $15,350 in the purchasing and the improving of the property during and subsequent to 1945, and it is common knowledge that since such year values have materially increased, State v. Landry, supra.

For the reasons assigned the judgment appealed from is amended by increasing the award to the sum of $16,235, and as thus amended it is affirmed.