ELLIS, Judge.
Plaintiff brought this expropriation suit under the authority and provisions of LS A-Revised Statutes, Title 19, Section 2, and the Natural Gas Act, U.S.Code, Title 15, Section 717f(h).
By way of stipulation it was agreed plaintiff was entitled to expropriate the right of way; that the description in the petition was correct; that the right of way was needed for a public purpose and that the location was proper according to good engineering practices. It was further stipulated that before the filing of the suit the plaintiff had attempted to negotiate a right of way with the defendants but was unable to agree upon the price and form of the deed.
This left only the issue of compensation and damages.
Upon trial the court awarded a pipe line right of way 50 feet wide during construction, to revert to 15 feet on either side of the pipe line after construction, and gave the defendants the sum of $100.64.
From this judgment the defendants have appealed asking the award be increased. The plaintiff, appellee, has answered the appeal asking the judgment be sustained but that the defendants, appellants, be condemned to pay the costs incurred jin the trial court as well as here.
The defendants are three in number, who own an undivided one-sixth interest in the property over which the right of way was awarded. The evidence shows if a 50-foot right of way be considered a total acreage of 3.07 acres would be involved. The appellants’ interest of one-sixth would be .511 acres.
The plaintiffs produced three witnesses, Forrest K. White, William B. Coleman and George B. Hines, Jr. All were qualified as expert appraisers. Each of these experts testified they had personally viewed the land involved, considered numerous sales in the area and the consideration involved in these sales. These ranged from $50 per acre to $300 per acre, but they gave as their opinion the highest figure will reach a unit value of $300 per acre.
White placed a value upon the right taken, including damages, for the full interest of $567. One-sixth of this would amount to approximately $94.50. Coleman placed a total value, including damages, for the right taken of the full interest at $600, one-sixth of which would amount to $100. Hines placed a total value on the full interest of $550, one-sixth of which would amount to $91.75. The total value of the three appraisers for the one-sixth interest amounts to $286.25, or an average of approximately $95.41.
It must be borne in mind the sums fixed by the appraisers were actually for a 50-foot right of way when the permanent right of way would only be 30 feet. However, the lower court awarded the sum of $100.64 for the one-sixth interest, including damages, and the appellee is not asking this judgment be disturbed except by assessing costs against the appellants.
The only evidence offered by the defendants consisted of three documents and their brief states the only important ones are a right of way agreement dated February 18, 1955 marked DI, and a damage release of the same date marked DII. It seems the third offering, marked Dill, was a right of way agreement over the same property, to the same plaintiff, on April 20, 1950 for a stated consideration of $27. The defendants maintained these documents covered an almost identical right of way over almost identical property between the identical parties to this suit, and that these established a precedent for the valuation in this cause. They urge the $27 for a right of way plus $693 for damages, or a total of $720, for a similar right of way in 1955 should establish the criterion for an award in this court.
The plaintiff objected to the introduction of the previous right of way agreements and damage releases on the basis there *726 was nothing to establish what damages were actually included in the prior damage release and now argues, since there was no evidence before the lower court as to exactly what damages this release covered, these documents would not be of any assistance to the court in reaching an opinion upon what should be awarded for damages in this case. However, the lower court permitted the introduction of these documents, but we fail to see where they are of any assistance here as the damage release is very broad and the defendants did not offer any evidence to show just what items of damage were covered by the release. They did not bring forward any evidence other than the documents mentioned to establish damages in this case. The only evidence we have before us as to damages is the opinions of the experts. We believe the lower court was justified in accepting the opinion of these experts, particularly when they evidenced knowledge of the property involved and of comparable sales.
In Housing Authority of New Orleans v. Waters, 233 La. 259, 96 So.2d 560, 562, our Supreme Court, where there was no other pertinent evidence before it, said:
“To arrive at a valuation of the property, we shall have to resort to the testimony of the expert witnesses.
“ ‘Moreover, the opinion of each witness qualified and accepted as an expert should be given effect if and when it appears to be well grounded from the standpoints of sincerity and good reasoning. City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812; State v. Landry, 219 La. 456, 53 So.2d 232, and Housing Authority of New Orleans v. Brinkmann, 224 La. 262, 69 So. 2d 37.’ Housing Authority of New Orleans v. Boudwine, supra [224 La. 988, 71 So.2d 541].
“ ‘ * * * the general rule pertaining in cases of this type is that “ * * * the opinion of each witness qualified and accepted as an expert should be given effect if and when it appears to be well grounded from the standpoints of sincerity and good reasoning.” See Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541 and cases there cited. * * *’ State of Louisiana through Department of Highways v. Glassell, 1955, 226 La. 988, 77 So.2d 881, 884.”
In Louisiana Power & Light Co. v. Dileo, La.App., 79 So.2d 150, 156, this Court stated:
“With regard to the valuation placed by the trial court upon the servitude granted, in these expropriation proceedings, the trial court’s award will not be disturbed unless manifestly erroneous. As indicated briefly below, we feel the evidence supports the valuation placed by the trial court, and we will neither reduce the awards as requested by the Company-appellant, nor increase same as requested by defendant Forrest.”
We are aware that our courts follow the rule that sales of right of way on other lands to the same condemning authority may be considered, yet they are not controlling. See State v. Dowling, 205 La. 1061, 18 So.2d 616. Certainly the damage release introduced as Defendants’ Exhibit DII is too general to serve any purpose here, and we cannot find any manifest error in the valuation placed upon the servitude, including damages, by the lower court.
The appellee has prayed that the costs of both courts be assessed against the appellants by authority of LSA-Revised Statutes 13 :4444 states:
“All appellate courts may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be deemed equitable.”
We believe the District Court correctly assessed the costs and the judgment is hereby affirmed in all respects.