AYRES, Judge.
The sole issue presented by this appeal relates to the market value of property taken and to severance damages to the remainder occasioned by the expropriation of a right of way for highway purposes.
The tract of land owned by defendants consisted of 70 acres, 14.97 acres of which were expropriated. The portion for which severance damages were sought comprises 8.9 acres located south of the right of way expropriated. Through appraisals by agents of the Department of Highways, plaintiff placed a value of $5,841.00 upon the value of the land taken and as severance damages sustained by the remainder, $4,401.00 being allotted to the land taken and $1,440.00 for severance damages. Upon the deposit of the aforesaid sum in the registry of the court, plaintiff obtained an order of expropriation. Defendants contest the correctness of both items and contend that the land taken had a valuation of $30,-000.00, and that the property remaining sustained damages in the sum of $10,000.00.
On trial, the court concluded that the land taken had a value of $10,170.62, and that the remainder of defendants’ property had sustained damages in the amount of $5,509.10. From a judgment in accordance with this conclusion, the State, through the Department of Highways, prosecutes a de-volutive appeal.
Defendants, in brief, assert that the awards were inadequate and urge that each be increased. Therefore, it may be appropriate to first point out that, although defendants, in brief, contend that the awards are inadequate and should be increased, this request may not be given consideration in the absence of an appeal by them or an answer to plaintiff’s appeal. They neither appealed nor answered plaintiff’s appeal.
*434 The rule is well established that a judgment cannot be changed in favor of an appellee who has not appealed from the judgment nor filed an answer to an appeal taken; merely requesting such a change in brief or argument, or both, is not sufficient. LSA-C.C.P. Art. 2133; Polizzi v. Lotz, 240 La. 734, 125 So.2d 146; Rader v. Rader, La.App. 4th Cir., 1961, 126 So.2d 189; Pinchera v. Employers Casualty Co., La. App. 2d Cir., 1954, 73 So.2d 623.
Therefore, there remains, for consideration on this appeal, only the question as to whether the awards for the property taken and for severance damages are excessive.
The question is one purely factual in nature, resolved by the trial court, and must be resolved by us, from a consideration of the evidence as contained in the record. This evidence consists of the testimony of two appraisers testifying on behalf of plaintiff and three on behalf of the defendants, as well as records of sales of property in the vicinity of the property herein involved, and which may be said to constitute, in some degree, at least, “com-parables.” Thus, the greater part of the evidence adduced at the trial consists of opinions of experts. Testimony of this nature is admissible and is often resorted to in fixing value in expropriation proceedings.
The rule is well established that the testimony of each witness qualified and accepted as an expert should be given effect if and when it appears to be well grounded from the standpoint of sincerity and good sense or reasoning. Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541; Housing Authority of New Orleans v. Brinkmann, 224 La. 262, 69 So.2d 37; State v. Landry, 219 La. 456, 53 So.2d 232; City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812.
See, also, Domino v. Domino, 233 La. 1014, 99 So.2d 328.
Plaintiff complains that the method by which the court arrived at its conclusions as to the awards of compensation was improper and illogical as constituting a process of averaging of the calculations and conclusions made by the several expert witnesses. By this method, it is contended that the weight of the opinion of each witness, as regards the witness’ credibility, training, experience, and the logic employed, is disregarded, as the method bears no relation thereto. If the process of averaging were the sole and only method by which the conclusions were reached, as to the awards made in expropriation proceedings, and the credibility, training, experience of the witnesses, and the logic of their reasoning were entirely disregarded, plaintiff’s contention would, in our opinion, possess considerable merit.
However, from our study of the record, including the court’s detailed discussion of the testimony of all the witnesses, we do not find that the court failed to weigh and consider the testimony of any of the experts. The court did state that
“ * * * a fair and equitable value on the property taken, using the Avant property as a basis, could be arrived at by taking an average of the values placed on the property taken by the plaintiff’s and defendants’ witnesses.”
Nevertheless, as evidenced by the opinion, the court gave meticulous consideration to all of the evidence, including the testimony of all the expert witnesses. The opinion concludes by the recital:
“ * * * Taking all the testimony into consideration, the Court finds the property taken has a total value of $10,170.62 and the damages would amount to the sum of $5,509.10, making a total of $15,679.72, * *
for which amount, less the deposit theretofore made, judgment was rendered.
Moreover, if, in giving consideration to the opinion of each of the expert witnesses, an effect of averaging results, this is a mere incident and does not affect conclusions *435 reached predicated upon the credibility, sincerity, and logic of the witnesses. In Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541, 543, the court, in giving effect to the estimates of value of the property expropriated, as related by the witnesses for plaintiff and defendant, did reach a conclusion coincidental with an average of the calculations made by the experts for both parties. The court therein stated:
“Plaintiff’s two experts, both realtors, valued the improvements at $10,-600 and the land at $3,050, or both at $13,650. Apparently, the district court accepted this estimate as being correct, for such was the amount awarded. On the other hand, the combined value fixed by defendant’s three experts (two realtors and a contractor and whose opinions seem to be well grounded) was, as we calculate it, $14,320 for the improvements, and-$4,500 for the land, or a total of $18,820. By giving effect to this estimate as well as to that of plaintiff’s experts as should be done in reaching a fair and equitable result, we conclude that the value of defendant’s entire property was $16,235.”
We therefore find no error in the method employed by the court in determining the value of the property taken and the damages sustained.
In reviewing the award, the nature and location of the property involved are important factors. The tract of land owned by defendants consisted of 70 acres, as aforesaid, located outside but adjacent to the western municipal boundary of the City of West Monroe. And, as heretofore stated, 14.97 acres of this tract were taken for highway purposes. The portion for which severance damages were sought comprised 8.9 acres located south of the right of way expropriated. Of the property taken, 7.2 acres in the western portion thereof comprised an old, abandoned gravel pit, as did 3.8 acres of that portion remaining south of the right of way. The remainder of the property was characterized as a wooded area. The area directly affected by the taking is a strip of uniform width across the south portion of the property. This strip is the proposed location of the highway which will divide the land into two tracts. The property is adjacent to developed areas, both industrial and residential, on the north, and is bordered on the west by an asphalt-surfaced road. The area to the south and west has been generally subjected to gravel-mining activities. The eastern portion of the property was characterized as rolling, wooded land.
Testifying on behalf of plaintiff were Gere A. Tharpe of Shreveport and Chester A. Driggers of Baton Rouge, licensed realtors, and, testifying on behalf of the defendants, E. W. Cruse, W. Gilbert Faulk, and A. J. Lester, realtors of Ouachita Parish.
The trial court, as heretofore stated, discussed in detail, in a well-reasoned, written opinion, the testimony of all of these witnesses, as well as the documentary evidence. We do not perceive that any good purpose would be served by a further detailed review of the evidence. We may point out, however, that Driggers placed a valuation upon the property taken of $4,-401.00 based at the rate of $294.00 per acre. The record, however, discloses a sale from Jennie Etola Avant et al. to Greater Monroe Homes, Inc., of 42 acres located three miles west of the subject property, and, therefore, farther from the city limits of West Monroe, for a price of $63,000.00, or at a price of $1,500.00 per acre. Driggers placed a speculative or residual value of $50.00 per acre on the 8.9 acres severed from the principal tract by the highway right of way, and allowed a severance damage of $254.00 per acre, or $2,261.00 for that tract.
Tharpe valued the property taken at $300.00 per acre, based upon two sales of 1958 and one of 1955. The first of these was a tract of five acres which brought $400.00 per acre, its greater value being at *436 tributable, by this witness, to its frontage upon Highway 80. The second “comparable” consisted of five acres which sold for $330.00 per acre and which, likewise, had a frontage upon Highway 80. The third “comparable” consisted of 70 acres which sold for $56,000.00, or at a price of $800.00 per acre. In connection with that purchase, the purchaser also acquired 20 acres for a consideration of $30,000.00, or at a price of $1,500.00 per acre. The average price per acre of both tracts was, therefore, $955.55. Consequential damages to the 8.9-acre tract were estimated by this witness at $250.00 per acre, based on his conclusion that the property had a residual value of $50.00 per acre.
On behalf of the defendants, Cruse, in arriving at a value of the property taken, divided it into two tracts, seven acres of wooded land in the eastern section, which he valued at $1,600.00 per acre, and the remainder, in the western portion, on which he placed a value of $400.00 per acre. The sale of the Avant property was used as a “comparable.” The appraisals of Faulk and Lester were in substantial accord with that of Cruse.
The court concluded that the sale of the Avant property more nearly approached the sale of a “comparable” than any of the other tracts about which testimony was given. As pointed out, witnesses for plaintiff and defendants used this sale in arriving at their evaluations.
We find no manifest error in the conclusions of the trial court as to the evaluations of the property taken and the damages sustained to the property remaining; and, from our review of the record, we are not able to point out any error warranting or justifying a reduction in the awards.
Hence, the judgment appealed is affirmed, and plaintiff-appellant is taxed with such costs as it is required to pay.
Affirmed.