146 So.2d 504 (1962)
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, Plaintiff and Appellant,
v.
JACKSON BREWING COMPANY, Defendant and Appellee.
No. 544.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 1962.
Rehearing Denied November 26, 1962.
Certiorari Denied January 14, 1963.
*505 D. Ross Banister, Glenn S. Darsey and Braxton B. Croom, Baton Rouge, for plaintiff-appellant.
Milling, Saal, Saunders, Benson & Woodward, G. Henry Pierson, Jr., and Irving R. Saal, New Orleans, for defendant-appellee.
Before CULPEPPER, PONDER and McGEE, JJ.
W. A. CULPEPPER, Judge ad hoc.
This is an expropriation suit instituted by plaintiff in accordance with the authority conferred by Article VI, Section 19.1, of the Constitution of Louisiana, LSA and the provisions of LSA-R.S. 48:441-48:460, allowing expropriation for highway purposes by a declaration of taking. The property taken consists of an irregular shaped lot of ground together with a large electrically illuminated advertising sign thereon. The entire tract of land was taken. At the time the suit was filed, plaintiff deposited in the Registry of the court the sum of $30,205 as compensation for the property. Defendant first filed, within ten days after notice, a motion to dismiss the suit on the grounds that the property was not expropriated for a public use. LSA-R.S. 48:447. Following denial of said motion to dismiss, defendant filed an answer applying for a trial to determine the market value of the property expropriated. LSA-R.S. 48:450. This answer was filed within 30 days after the lower court's judgment denying defendant's motion to dismiss, but was not filed until almost 16 months after defendant received notice of the judgment of expropriation. Plaintiff then filed a "Petition for Final Judgment" on the grounds that said answer was not timely filed within 30 days as required by LSA-R.S. 48.450. The lower court denied plaintiff's petition for final judgment and, after a trial on the merits, increased the award to $75,000. From this judgment plaintiff has appealed. Defendant has not answered the appeal.
The first issue is whether the answer was timely filed so as to permit a trial to determine the market value of the property expropriated. The sequence of relevant events was as follows: on April 23, 1958 the petition for expropriation was filed and the sum of $30,205 deposited in the registry of the court; on April 24, 1958 copies of the proceedings, including a notice of the judgment of expropriation, were served on the defendant; on May 2, 1958 defendant filed said motion to dismiss on the grounds that the property was not expropriated for a public use; on February 16, 1959 the motion to dismiss was tried in the lower court; on July 15, 1959 the lower court rendered judgment denying defendant's motion to dismiss; on August 10, 1959 defendant filed an answer alleging that the property expropriated was worth $150,000 and applying for a trial to determine the market value thereof; on September 30, 1959 plaintiff filed its petition for final judgment which the court denied; on March 14 and 15 of 1960 the trial on the merits occurred; on May 9, 1961 judgment was rendered in the lower court increasing the award to $75,000. Applicable here are the following statutory provisions:
"LSA-R.S. 48:446. Notice to defendant. Upon receipt of the deposit, the clerk of court shall issue a notice to each defendant in the suit, notifying *506 him that the property described in the petition has been expropriated for highway purposes.
"This notice, together with a certified copy of the order, the petition and the clerk's receipt for the deposit, shall be delivered by the clerk to the proper sheriff for service on each defendant in the manner provided for the service of citations. Added Acts 1954, No. 107, § 1."
"LSA-R.S. 48:447. Contesting validity of taking; waiver of defenses. Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public use may file a motion to dismiss the suit within ten days from the date the notice was served on him. He shall certify thereon that a copy thereof has been served personally or by mail on either the plaintiff or his attorney of record in the suit. This motion shall be tried contradictorily with the plaintiff.
"Failure to file the motion within the time provided or to serve a copy thereof on the plaintiff constitutes a waiver of all defenses to the suit except claims for compensation. Added Acts 1954, No. 107, § 1."
"LSA-R.S. 48:450. Determining value where entire tract expropriated. Where an entire lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the market value of the property expropriated, provided:
"(1) He files an answer within thirty days from the date he is served with the notice;
"(2) His answer sets forth the amount he claims;
"(3) His answer has a certificate thereon showing that a copy thereof has been served personally or by mail on all parties to the suit who have not joined in the answer.
"Upon the filing of the answer, the court shall issue an order fixing the time of the trial of the suit. The clerk of court shall thereupon issue a notice to all parties who did not join in the answer of the time fixed for the trial. This notice shall be served at least twenty days before the time fixed for the trial and in the manner provided by law for the service of citations. Added Acts 1954, No. 107, § 1."

"LSA-R.S. 48:452. Laches by defendant forfeits defenses. Failure of a defendant to file his answer timely or to serve copies thereof timely constitutes a waiver of all his defenses to the suit. Added Acts 1954, No. 107, § 1."
As stated above, defendant timely filed within ten days a motion to dismiss under the provisions of LSA-R.S. 48:447 and filed its answer within thirty days after the denial of said motion to dismiss, but the date of filing said answer was almost sixteen months from the date defendant was served with a notice of the expropriation. In defending this procedure, defendant contends that "The thirty day provision of LSA-R.S. 48.450, upon which plaintiff relies, must be read in conjunction with LSA-R.S. 48:447, which specifically grants a property owner the right to file a motion to dismiss the expropriation on the ground that the property was not expropriated for public use. When this is done, it becomes plain that LSA-R.S. 48:450 is intended to apply only in cases where no motion to dismiss has previously been filed and adjudicated." Defendant argues that under these statutory provisions the property owner has a right to be heard on two grounds, first the lack of public purpose, and second, the lack of adequate compensation; that a property owner cannot be compelled to choose between these contradictory and inconsistent positions; that a property owner should not be compelled to go to the expense of preparing his *507 case on market value until after his motion to dismiss has been disposed of; that such expenses would be totally unnecessary and not recoverable should the lack of public purpose be proved. Defendant argues that if plaintiff's contention is upheld, the effect thereof would be to deny defendant its statutory right to claim adequate compensation and will result in the deprivation of its rights and property without due process of law in contravention of the federal and state constitutions.
Applicable here are certain rules of statutory construction set out in our LSA-Civil Code:
Article 13.
"When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit."
Article 14.
"The words of a law are generally to be understood in their most usual signification, without attending so much to the nicety of grammar rules as to the general and popular use of the words."
Article 16.
"Where the words of a law are dubious, their meaning may be sought by examining the context with which the ambiguous words, phrases and sentences may be compared, in order to ascertain their true meaning."
Article 17.
"Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear is one statute may be called in aid to explain what is doubtful in another."
Article 18.
"The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it."
In our opinion, LSA-R.S. 48:447 providing for the filing of a motion to dismiss within ten days from receipt of notice of the expropriation and LSA-R.S. 48:450 requiring that a defendant applying for a trial as to market value must file his answer "within thirty days from the date he is served with a notice," are clear and free from all ambiguity. There is nothing contained in either section, or in any other portion of this entire statute, which even suggests that if a motion to dismiss is filed, then the period of time in which to file an answer is extended or enlarged in the manner for which defendant contends. The language of Section 450 is not conditional, contingent or subjunctive in any manner. It is clear, positive and unambiguous. Had the legislature intended that the filing of a motion to dismiss would extend the period for filing an answer, it could have easily inserted a provision to this effect, similar to that which is contained in LSA-C.C.P. Article 1001 which states that in ordinary proceedings the defendant must file his answer within fifteen days but that when an exception is filed prior to answer and is overruled or referred to the merits, the answer shall be filed within ten days after the exception is overruled or referred to the merits.
Aside from the plain language of the entire statute, and particularly Section 450, the construction which defendant seeks to apply in this case would result in the nullification of the mandatory requirement that an answer be filed within thirty days in the case of a total taking. By the simple device of filing a motion to dismiss, whether bona fide or frivolous, a defendant could extend and enlarge the period of time in which to file an answer. The statute makes no exception to the requirement that the answer be filed within thirty days from the date defendant is served with a notice of expropriation. In the absence of a stated exception to this requirement, it certainly *508 cannot be assumed that the legislature intended one.
The reason for the statute and the spirit thereof, referred to in the above codal provisions, support plaintiff's contention. The statute under consideration, LSA-R.S. 48:441-48:460, provides an additional method by which the Department of Highways may expropriate property for highway purposes, and the procedure in such cases. One of the obvious purposes, if not the most important reason, for the enactment of this statute was to establish a procedure by which expropriations for highway use may be concluded more promptly than is possible under the general expropriation statute.
The only reported case dealing with the statutory provisions in question is State Through Dept. of Highways v. Higgins, La. App., 135 So.2d 306 (Fourth Circuit Appeal 1961), which though factually distinguishable from the instant matter in that defendant did not file a motion to dismiss, is pertinent here for its holding that it is mandatory the answer be filed within thirty days. The court held as follows:
"Further, LSA-R.S. 48:450 grants the defendant the right to apply for a trial to determine the fair market value of his property, provided that he files an answer within thirty days. Although we think this section clearly means that the defendant forfeits his right of action to demand additional compensation unless he meets the requirements of the statute, our interpretation thereof is further substantiated by the rationale of LSA-R.S. 48:452, which provides that the defendant waives all defenses by failing to file an answer timely. If the legislature had intended to reserve the right to defendant to claim additional compensation, even though he failed to answer timely, it certainly would have specifically provided therefor in R.S. 48:452 as it did in LSA-R.S. 48:447." (Emphasis supplied)
A review of the jurisprudence under the general expropriation law also shows that the courts have interpreted as mandatory the requirement in the statute that an answer be filed within a period of ten days. In the case of State v. Landry, 219 La. 456, 53 So.2d 232 (Louisiana Supreme Court 1951) the court held as follows:
"All other issues raised by the pleadings other than the claims for money which the defendants may have as compensation for the property sought to be expropriated have passed out the case. By their failure to have filed their answer and serve a copy on the plaintiff within ten days after notice, as required by law, defendants have waived their other defenses with respect to the necessity of the expropriation of their property at all, and the alternative defense that more of their property is sought to be expropriated than is necessary. See LSA-R.S. 19:6 and 19:7."
In City of Gretna v. Mitchell, 64 So.2d 873 (Orleans Appeal 1953), the defendants did not answer within ten days but subsequently filed exceptions of no cause or right of action on the grounds that the city had failed to attach to its petition a plan of the property with a description of the improvements thereon as required by LSA-R.S. 19:2.1, Subdivision A(2). The court held as follows:
"The City contends the court erred in maintaining this exception because the answer of defendants was not filed within the ten days required by law, which failure constituted a waiver of all defenses except the value of the property to be expropriated.
"Defendants, on the other hand, contend that LSA-R.S. 19:2.1 makes it a mandatory condition for the exercise of the right of expropriation granted under LSA-R.S. 19:2 that the petition for the expropriation contain, inter alia, the plan of the property and a description of the improvements thereon; until these mandatory conditions were *509 complied with they were not required to answer.
"This contention is untenable. LSA-R.S. 19:2.1, making it mandatory to include certain recitals in the petition for the expropriation, and LSA-R.S. 19:6, making it mandatory that defendants file their answer within ten days after service, and LSA-R.S. 19:7, providing that the failure to file an answer within ten days shall constitute a waiver of all defenses except claim for compensation for the property and damages, are all statutory provisions governing expropriations and must be read and construed together. The mandatory requirements of LSA-R.S. 19:2.1 are merely a statutory recital of the information a defendant in an expropriation proceeding is entitled to get, which he can demand by timely exception or answer. LSA-R.S. 19:6 and 7 are equally mandatory that the failure to answer or plead within ten days is considered a forfeiture and waiver by defendant of all pleas other than quantum and damages."
Other decisions indicating the mandatory nature of the requirement, under the general expropriation law, that an answer be filed within ten days are State v. Landry, 219 La. 721, 53 So.2d 908 and Louisiana Power & Light Company v. Dileo, La.App., 79 So.2d 150.
We turn now to defendant's contentions. In its brief defendant contends that "Plaintiff's reasoning completely ignores the self-evident proposition that the statute under which it has proceeded to expropriate defendant's property must be construed as an integral whole. The thirty-day provision of La.R.S. 48:450 under which plaintiff relies must be read in conjunction with La.R.S. 48:447, which specifically grants a property owner the right to file a motion to dismiss the expropriation on the ground that the property was not expropriated for public use. When this is done, it becomes plain that La.R.S. 48:450 is intended to apply only in cases where no motion to dismiss has previously been filed and adjudicated." We agree with defendant's contention that statutes must be construed as a whole in order to determine the intent of the legislature but we cannot agree that a consideration of this statute as a whole indicates a legislative intention that the filing of a motion to dismiss extends the thirty-day period within which an answer must be filed. To follow defendant's argument would in effect require that the court write into the provisions of this statute a statement that if a motion to dismiss is filed, the delay for answering will be extended until thirty days after the denial of such a motion. There is no rule of statutory construction which would justify the court's presuming to write such a provision into this legislative enactment. There is nothing in this statute which is ambiguous, conflicting, repugnant to its general purpose or requiring an unjust or absurd result so as to justify the court in departing from the plain language thereof. On the contrary, the rule of statutory construction requiring that, if possible and reasonable, each part of a statute must be given effect, is clearly applicable here. Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65; State v. Orleans Parish School Board, La.App., 118 So.2d 471. By the simple procedure of filing a motion to dismiss within ten days and an answer within thirty days after receipt of notice of the expropriation, the defendant landowner can protect all of his rights to contend that the property was not expropriated for public use, and, if this fails, to then have a trial to determine the market value of the property expropriated. Under this construction, both parts of the statute can be given full effect. The landowner does not, as defendant contends, have to choose between the motion to dismiss and the answer. He can protect all of his rights by filing both if he so desires, but the motion and the answer must be filed within the respective delays clearly provided by the statute.
*510 In answer to defendant's argument that it is unjust and inequitable to require a landowner to go to the expense of preparing and filing an answer until after he knows whether his property is going to be expropriated, that is, until after the court rules on his motion to dismiss, we call attention to the well-established jurisprudence that courts must construe statutes as they are written and cannot rewrite them to suit their views of what they think statutes ought to say. Where the legislative intent is clearly expressed the courts must follow it. Arkansas Oak Flooring Company v. Louisiana & A. Railway Company, 5 Cir., 166 F.2d 98, 334 U.S. 828, 68 S.Ct. 1338, 92 L.Ed. 1756; Greater New Orleans Homestead Association v. Bell, 219 La. 41, 52 So.2d 241. This is certainly not such an unjust or inequitable requirement as would justify the court in departing from the plain language of the statute. LSA-R.S. 48:450 actually requires nothing more than that the defendant file his answer within thirty days, applying for a trial to determine the market value; that he set forth the amount he claims; and that he attach a certificate showing service of his answer on all parties to the suit who have not joined in the answer. Whether or not a defendant, before filing his answer, desires to go to the expense of obtaining surveys, appraisals, etc. is a matter which addresses itself solely to the discretion of the defendant, as in any other type of litigation.
Defendant's final contention is that if it is required to file its answer before the issue of public purpose has been determined, the effect thereof will be to deny to defendant its statutory right to claim adequate compensation and will result in the deprivation of its rights and property without due process of law. This argument has no merit. The jurisprudence is well established that the requirements of due process are satisfied where defendant is afforded an opportunity to be heard in an orderly proceeding and where adequate provision is made for certain payment of compensation without unreasonable delay. State Through Dept. of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455. The procedure set forth here is clearly adequate to afford the defendant an opportunity to be heard, both as to the issue of public purpose and as to the issue of the amount of compensation. In State Through Dept. of Highways v. Higgins, supra, this court held as follows:
"The law is clear that the due process requirement is fulfilled if the statute affords the landowner an opportunity to litigate the amount of compensation the state has tendered. Obviously, the defendant was afforded such an opportunity for a contest by virtue of the provisions of LSA-R.S. 48:450; since the defendant failed to comply with the procedural requisites of the statute for gaining his day in court, this certainly does not justify the erroneous conclusion that ample opportunity therefor was not afforded by the existing law."
For the reasons assigned the judgment of the lower court of date May 9, 1961 increasing the award to $75,000 is reversed and set aside. The judgment of the lower court denying plaintiff's petition for a final judgment is likewise reversed and set aside and the rule nisi for final judgment is made absolute. Accordingly, a final judgment is rendered herein in favor of the plaintiff and against the defendant confirming the amount of $30,205 as a final award of just and adequate compensation for the property expropriated. All costs in the lower court, as well as the costs of this appeal, are assessed against the defendant.
Reversed and rendered.