ELLIS, Judge
(concurring):
Although I agree with the result reached by the majority in this case, I believe that the opinion fails to consider the basic factual issue presented.
Defendant is the owner of a 6.67 acre tract of land on the Airline Highway in Baton Rouge, Louisiana. When he acquired it, the property was traversed by a 20 foot natural drainage canal situated approximately 300 feet from and parallel to the highway. The new canal is situated in the center of a 125 foot servitude, the northeasterly edge of which is virtually coincident with the edge of the old 20 foot canal nearest the highway. The new canal is 12 or 15 feet deep, 40 feet wide at the bottom, and 80 feet wide at the top. The total area is 1.42 acres. The rear portion of the property, which is severed from access to the front thereof by the new canal, and which is entirely landlocked, contains 1.70 acres.
Prior to the taking, the rear part of the property was accessible from the front by two 16 foot bridges traversing the 20 foot canal. All of the property taken lies in or to the rear of the 20 foot canal.
The two appraisers for the Parish, John Allphin and Karl J. Snyder, were of the opinion that the highest and best use of that part of the property lying between the 20 foot canal and the highway was for commercial purposes. However, because of the limitation of access to the rear part occasioned by the presence of the 20 foot canal and the two wooden bridges, they felt that the highest and best use of the rear portion was for agricultural or pasture purposes. They therefore placed a value of $3,000.00 per acre on the rear part, as opposed to a value of almost $16,-000.00 per acre on the front part.
The two experts for the defendant, John Lejeune and Kermit Williams, were of the opinion that the entire property on either side of the canal was suitable for commercial purposes, and placed the same value per acre on each part of the tract — Mr. Lejeune of $12,500.00 per acre, and Mr. Williams of $15,700.00 per acre.
All of the experts agreed that the new canal had the effect of greatly reducing the value of the 1.70 acre remainder. Mr. Snyder felt this reduction was offset by a special benefit to the front part by the new canal, and he awarded no severance damages.
*233 The trial judge said that he was most impressed by the testimony of Mr. Lejeune and adopted his estimate as to just compensation and severance damages. In so doing, I assume that he, of necessity, must have agreed with his assessment of the highest and best use of the rear portion of the property. I agree that Mr. Lejeune’s testimony is soundly based and well reasoned, and find no manifest error in the judge’s conclusion in that respect.
Plaintiff contends that the judge committed error in ignoring the testimony of its experts, citing Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541 (1954). This case, however, is not one in which the disagreement among the experts relates to value alone. In this case, the judge was in the position of having to determine the highest and best use of the property before he could consider the testimony of the experts. Of necessity, having decided it to be commercial, he could not give much weight to testimony based on the premise that it was agricultural.
I therefore concur.