BOLIN, Judge.
Monroe Redevelopment Agency sues Ef-fron Land Corporation, Peoples Loan Service, Inc., and Realty Construction Associates, Inc., seeking to expropriate .350 acres of land in Ouachita Parish, Louisiana. Defendants are claimants of record to the ownership of the property. From judgment of the trial court adjudicating the parcel of land to plaintiff, only Effron Land Corporation appeals. We affirm the judgment.
Monroe Redevelopment Agency is a political corporation of the State of Louisiana created by the City of Monroe, organized and existing by authority of Act 215 of the 1968 Legislature and other applicable statutory authority. This agency filed a petition seeking to expropriate the property in question for the construction of a street. Trial date was fixed for May 10, 1973. Service of the original petition together with notice of the fixing of the trial date was made on defendants, Effron and Peoples Loan, on March 30, 1973.
On May 9, 1973, Effron and Peoples Loan filed answers, Effron alleging it was sole owner of the property and that the other defendants have no title thereto. Service on a third defendant, Realty Construction Associates, Inc., was not accomplished until May 24, 1973, after appointment of a curator. The trial was refixed for June 18, 1973, and a new notice of the trial date was served upon Effron and Peoples Loan on May 29.
Effron admitted plaintiff is authorized to expropriate the portion of the property proposed for a street, but denied it is authorized to take adjacent property, comprised of two small triangular tracts, without showing public necessity therefor. Peoples admitted all the allegations of the petition and merely asked that there be judgment according to law. On May 29 the curator for Realty Construction filed an answer which consisted of a general denial.
The case was tried on June 18, and the trial judge, in a well-written opinion, concluded that since defendant Effron had failed to file its answer within 15 days of the date of the first service of notice of trial, it had waived all defenses except claims for money as compensation. This decision was based on the mandatory language of the requirements of Louisiana Revised Statutes 19:6 and 19:7. Title 19 of Louisiana Revised Statutes is entitled “Expropriation” and contains the statutory *863 provisions governing expropriations in Louisiana.
La.R.S. 19:6 provides:
“The defendant shall file an answer within fifteen days after serivce of the notice of the time fixed for the trial. The answer shall be served personally or by mail on either the plaintiff or his attorney of record in the suit.” (Emphasis added)
La.R.S. 19:7 provides:
“Failure of the defendant in any such suit to file his answer timely or to serve a copy thereof on the plaintiff timely constitutes a waiver by the defendant of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property.”
Although Effron recognized its answer was not filed until approximately 40 days after service of the first notice of the time fixed for trial, i. e., May 10, 1973, it urges on appeal that since the trial was not held on that date but was refixed for June 18, 1973, on ex parte motion of plaintiff, the time for answering was extended until 15 days from service of the second notice on May 29. Thus appellant contends its answer filed May 9, was timely and Effron should not be deemed subject to the waiver provisions of Revised Statutes 19:7.
Appellant also contends that since defendant, Realty Construction, answered timely generally denying plaintiff’s right of expropriation, plaintiff had the burden of proving its allegations by strict legal proof.
The questions to be answered are: (1) did the changing of the trial date and service of a second notice of the refixing of such date allow Effron additional time within which to file its answer and entitle this appellant to contest the necessity and purpose for the expropriation; (2) did the timely filing of a general denial by the curator appointed to represent Realty, which is not an appellant in this court, require plaintiff to prove its case by a preponderance of admissible evidence ?
The mandatory wording of R.S. 19:6 and 19:7 has been held to be free of ambiguity and to require strict construction. Texas Gas Transmission Corp. v. Sigue, 163 So.2d 386 (La.App. 3d Cir. 1964, writ refused) ; Gulf States Utilities Co. v. Morton, 167 So.2d 458 (La.App. 1st Cir. 1964); State v. Landry, 219 La. 456, 53 So.2d 232 (1951).
In Texas Gas Transmission v. Sigue, supra, the trial court refused to consider tardy motions, exceptions and answers and held that the only issue to be considered was the monetary award for the taking, stating:
“ ‘Since the public interest requires that expropriation proceedings be concluded promptly, without delay or filibustering, and the statute fixes a summary proceeding and a penalty for failure of defendant to answer promptly, such penalty must be strictly enforced.’ City of Gretna v. Mitchell, La.App. (Orleans Cir.), 64 So.2d 873, 874. It has been consistently held that the time limits for filing an answer under expropriation statutes are mandatory and failure to answer or plead within the time limit is considered a forfeiture and waiver by defendant of all pleas other than quantum and damages. State Through Department of Highways v. Jackson Brewing Co., La. App. (4th Cir.), 146 So.2d 504 and cases cited therein.” (Emphasis added)
We have been cited to no cases, nor has independent research disclosed any, which would permit of a contrary interpretation. We conclude the appellant is bound by the statute as interpreted by the cited cases and it is held to have waived any defenses with respect «to the necessity for and the purpose of the expropriation.
We further conclude that the continuance and subsequent timely filing of a general denial by Realty cannot redound to *864 the benefit of Effron, particularly since Effron- denies the other defendants are co-owners of the property. In a somewhat similar situation the court decided adversely to the appellants in United Gas Pipe Line Co. v. Landry, 228 So.2d 565 (La. App. 1st Cir. 1969), which was one of six cases consolidated for trial and on appeal. In those cases plaintiff sought to expropriate a gas pipeline right of way across six contiguous tracts of land. Three of the named defendants timely filed answers and three failed to answer the expropriation suit within the delay allowed by Louisiana Revised Statutes 19:6. As to the latter three the court held these defendants could only litigate the question of compensation and damages while the three defendants who had complied with the statute could litigate the plaintiff’s right of expropriation and bona fides of plaintiff’s negotiations with defendants prior to instituting expropriation proceedings.
In the instant case Effron at no time requested an extension of time, which it was entitled to do. Further, the answer had been belatedly filed before the refixing of the trial date and there were no subsequent amendments filed by this defendant.
Addressing next the question of whether plaintiff must prove its case by a preponderance of the evidence, we find that Revised Statutes 19:2.1 sets forth the requirements of the petition for expropriation:
“A. The rights of expropriation granted in R.S. 19:2 shall be exercised in the following manner:
* * * * * *
(2) The petition shall contain a statement of the purposes for which the property is to be expropriated, describing the property necessary therefor with a plan of the same, a description of the improvements thereon, if any, and the name of the owner if known and present in the state.
(3) The petition shall conclude with a prayer that the property be adjudicated to the plaintiff upon payment to the owner of all damages he may sustain in consequence of the expropriation.
* * * ”
We find, as did the lower court, that th»e pleadings were sufficient to fully inform defendant of what plaintiff desired. Further, the petition filly complied with the requirements of Louisiana Revised Statutes 19:2.1. It contained a legal description of the property sought to be expropriated; recited that the agency must acquire the property for the purpose of constructing a street; described the improvements thereon; and named as defendants persons which the public record reflected claimed any interest in the property. As to Ef-fron, the only questions properly considered at this trial were compensation and damages, if any.
Plaintiff produced evidence to establish the value of the property to be taken at $6,760, and there was no offsetting testimony. The court rendered judgment adjudicating to plaintiff fee title to the property described in paragraph three of the petition, upon deposit in the registry of the court the sum of $6,760 in full compensation for the property taken and any damages sustained. The award was to be held in the registry of the court until further orders of the court in accordance with the stipulation that the rights of all parties were reserved to them to assert any claims of title or interest in the deposit which they might possess.
Our review of the record, the pleadings and the jurisprudence, interpreting and applying Revised Statutes 19:6 and 19:7, has disclosed no error in the lower court judgment. Accordingly, we affirm the judgment in favor of plaintiff adjudicating the property described hereinbelow to the Monroe Redevelopment Agency:
A certain parcel of land situated in Section 74, Township 18 North, Range 4 *865 East, Ouachita Parish, Louisiana, being a portion of Lot 3 of Block M of Lamy-ville, more particularly described as follows :
Starting at the Northwest corner of Block M of Lamyville; thence S 89° 41' 32" E a distance of 51.00 feet to the Point of Beginning; thence S 89° 41' 32" E a distance of 103.24 feet; thence S 08° 31' 09" W a distance of 149.98 feet; thence N 89° 44' 33" W a distance of 102.60 feet; thence N 08° 16' 21" E a distance of 149.98 feet to the Point of Beginning, containing 0.350 acres more or less.
The judgment of the lower court is affirmed at plaintiff’s cost.
AYRES, J., dissents and assigns written reasons.