PETERS, Judge ad hoc.
This is an expropriation suit involving a partial taking for highway purposes. The issue presented on appeal is whether the lower court correctly used the capitalization of income approach to determine market value.
Before the taking, defendant’s property was rectangular with 107 feet of frontage on Highway 104 and a depth of 260 feet. The property is about one mile east of the Town of Mamou. Defendant owned and operated a country store on the tract. He also had two self-service gasoline pumps in front of the store. These pumps were owned by a gasoline distributor who supplied the gasoline for the pumps and paid defendant 1 €>2/s% of the retail price of all gasoline sold as “rental” of space for the pumps. Defendant worked inside the country store and collected the purchase price of the gasoline after the gasoline customers had filled their tanks.
The land taken is a strip fronting Highway 104, 107 feet long and 27 feet deep along most of its length. It includes the area where the gasoline pumps were located. Prior to the taking the gasoline pumps were 14.6 feet away from the existing right of way for Highway 104. The pumps were 2 feet wide and were 14 feet away from the steps to a porch which was attached to the front of the store. After the taking the front porch was only about 8 feet away from the new Highway 104 right of way.
Plaintiff offered the testimony of two appraisers who had used as comparables the sales of similar land situated in the vicinity of defendant’s tract. The lower court found that these appraisers had not based their estimates on true comparables because none of the sales upon which they relied had involved land being used for the operation of a self-service gasoline station or a country store. Having rejected the use of comparable sales, the lower court used the capitalization of income approach to determine compensation for the part taken. It was determined that defendant’s gross income from gasoline sales was $911 per year. An allowance of $20 per month was made for taxes, insurance, electricity and labor. This yielded a net rental of $671 per year. This figure was capitalized at the rate of 8%. This gave a value of $8390. This was reduced by 20% to allow for such future contingencies as gasoline shortages and the value of the part taken was thus found to be 80% of $8390, or $6712. The lower court awarded $6712 as compensation for the part taken. In addition, the trial court awarded severance damages of $4839.
Plaintiff appealed from the judgment. Plaintiff concedes the correctness of the lower court’s award of severance damages but argues that the award for the part taken is grossly excessive.
We find that the lower court fell into error in applying the capitalization of income approach to determine value. Just *531 compensation for property taken is the market value of the property immediately prior to the taking. State, Department of Highways v. Tyler, 326 So.2d 349 (La.1976); State, Department of Highways v. Trippeer Realty Corp., 276 So.2d 315 (La.1973); State, Department of Highways v.Hayward, 243 La. 1036, 150 So.2d 6 (1963). Although comparable sales are usually used to determine market value, the income producing quantities of the property may he considered when they aid in determining value. State, Department of Highways v. Crow, 286 So.2d 353 (La.1973). However, this income approach may only be used to determine the market value of the property taken. Only income attributable to the land and improvements may be capitalized to determine value; income derived from the owner’s operation of a business on the premises is not related to market value of the land and improvements and is not to be considered. Dakin and Klein, Eminent Domain in Louisiana, pp. 227-228; Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541 (1954); Rapides Parish School Board v. Nassif, 232 La. 218, 94 So.2d 40 (1957).
The lower court’s method of determining value had no correlation to market value of the land and improvements. The lower court valued the strip taken separately from the remainder of the tract, reasoning that the strip taken had a different highest and best use than the remainder, i. e. as gasoline pump property. This was clearly incorrect. The strip taken was useful for gasoline sales only so long as it was used in conjunction with the operation of the country store on the remainder of the property. The entire tract had the same highest and best use. State, Department of Highways v. Gordy (La.App. 3rd Cir. 1975), 322 So.2d 418. To correctly apply the capitalization of income approach, it would have been necessary to consider the net income attributable to the entire tract and to then find a value per square foot based upon this income in order to find the value of the part taken. There is simply no basis for finding that the front 27 feet was more valuable than the remainder of the tract.
We are unable to determine from the record any value for the part taken based on the capitalization of income approach. There is no evidence to indicate the net income attributable to the entire tract with improvements. Defendant’s evidence indicates nothing more than the amount of profit his business will lose as a result of the taking. As previously stated, such a loss is not compensable.
We also find the trial court was incorrect in its holding that there were no truly comparable sales. While it is true plaintiff’s appraisers found no sales of property being used for the operation of a country store with gasoline pumps, the sales they relied upon did involve land with the same highest, and best use—a combination of commercial and residential use. Although defendant’s property had an actual use that differed from the actual use to which the comparable property had been put, its highest and best use was the same. The sales are therefore acceptable as com-parables.
One of plaintiff’s appraisers valued the land taken with improvements (the improvements consisting of gravel laid on the surface of the land) at $714; plaintiff’s other appraiser valued the land taken with improvements at $560. We think the $714 figure the more reasonable one.
For the reasons assigned, we hereby amend the judgment of the lower court to reduce the award for land and improvements taken from $6712 to $714. The lower court’s award of severance damages in the amount of $4839 is left undisturbed.
The lower court judgment is likewise left undisturbed insofar as it taxed as costs against plaintiff the fees of the expert witnesses.
Amended and affirmed.