82 So.2d 687

**CADDO PARISH SCHOOL BOARD**

**v.**

**Edgar D. BLAND et al.**

No. 42038.

June 30, 1955.

Rehearing Denied Oct. 4, 1955.

L. Y. Barnett, Shreveport, for appellants.

Smith, Risinger & Shuey, Shreveport, for plaintiff-appellee.

MOISE, Justice.

This is an appeal from a judgment rendered by the district court, which awarded the sum of $20,000 to the defendants.

The action was brought by the Caddo Parish School Board, under LSA–R.S. 19:1 to 19:13, to expropriate, for public school purposes, a tract of land containing a little less than six and a half acres adjacent to the Fair Park High School in Shreveport, Louisiana.

In their answer the defendants denied that there was any emergency for the expropriation of this site by the Caddo Parish School Board. They alleged and urged that their land is adaptable for subdivision purposes into home sites and has a market value of $5,500 per acre—an aggregate sum of $35,304.50.

Prior to trial, plaintiff tendered to defendants the sum of $16,047.50, representing a value of $2,500 per acre. The tender was refused, and that amount was deposited in the Registry of the First Judicial District Court.

Defendants have appealed to this Court, asking that the award be increased to $35,-304.50. In answer, appellee prayed that the award be decreased to $16,047.50. In this Court the defendants have abandoned the question of necessity for the taking, and we are, therefore, limited to a consideration of the correctness of the award.

The trial court correctly found that:

"* * * the tract sought to be expropriated is rectangular in shape, abutting the existing school property on the west, and that it lies lengthwise north and south a distance of 1152 feet approximately. It is 242 feet approximately in width in an east-west direction. The tract * * * fronts San Jacinto Street on the west and Sumner Street on the north, both of which streets as they abut the property, are not paved, but oiled. The tract * * * is the rear portion of a tract of land owned by these defendants which on its south extremity fronts on the Greenwood Road, which is U. S. Highway 80, which traverses the city of Shreveport. The entire frontage of the property on the Greenwood Road and having a depth of 200 feet north of the Greenwood Road has been zoned for commercial purposes. The portion of the defendants' property north of that portion zoned for commercial purposes is presently zoned for subdivision purposes for two-family dwellings."

* * * * * *

"The evidence shows that the defendants have held this property unsubdivided for many years notwithstanding the entire area on all sides of it have been subdivided except for the Fair Park High School site on the east. It is, therefore, the only remaining tract of land susceptible of subdivision in the immediate area. The evidence

satisfies us that the tract is peculiarly adaptable to Subdivision purposes. According to the evidence it lies from two to four feet above the street level of San Jacinto and Sumner Streets, forming a natural terrace. The evidence further shows that it is level with the exception of one small draw near the center which can be filled to conform to the rest of the topography of the tract at nominal expense."

\*       \*       \*       \*       \*       \*

"\* \* \* All of the witnesses seem to agree that the most economical and advantageous manner of subdividing the property would be in the form of twenty-three lots facing west on San Jacinto Street, each being approximately 50 feet in width by approximately 242 feet in depth."

Edgar D. Bland, one of the owners, testified that he valued the property at $5,500 per acre and that he and his co-owners had intentions of developing it. He further testified that he had made a dedication of part of other lands for the dedication of San Jacinto Street.

An appraisal of the property was made for the Caddo Parish School Board by three members of the Shreveport Real Estate Board. These realtors testified that the property was worth $2,500 an acre. Witnesses for the defendants testified that they thought the land had a valuation of $3,583 to $5,000 an acre, and that the land was ideal for a tourist court motel.

Sales of surrounding properties were produced in evidence, and the amounts received by the vendors were comparable with the award of the trial judge. Deviations were exceptional.

In the case of Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So. 2d 541, 542, this Court stated:

"As a general rule the measure of compensation to be awarded in proceedings of this kind is the market value of the property—that is, the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy. And most important in determining the market value are sales of similar or comparable properties in the vicinity. Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295; City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36; Housing Authority of New Orleans v. Brinkmann, [224 La. 262] 69 So.2d 37, and the numerous cases therein cited." See, State of Louisiana, Through the Department of Highways v. Hebert, 227 La. 111, 78 So.2d 528.

We believe that the trial judge was correct in arriving at the conclusion that the defendants' property was most adaptable for subdivisions. His valuation was slightly higher than that of the three appointed realtors but averaged with the valuations of defendants' witnesses. We cannot say that the trial judge's findings

are manifestly erroneous. Olivier v. Abunza, 226 La. 456, 76 So.2d 528.

For the reasons assigned, the judgment of the trial court is affirmed.