ELLIS, Judge.
This is an expropriation suit in which the plaintiff was granted a right of way and easement for its gas line 75 feet in width across a portion of the rear of a two and one-half acre tract of land situated in Acadia Parish, Louisiana, belonging to defendants. The land embraced in the right of way was .14 of an acre for which the District Court awarded $70, and this portion of the judgment was not contested by the plaintiff. The trial court also awarded the defendants the sum of $620 for damages to the adjoining land of the defendants occasioned by the right of way, and this amount is the only subject of this appeal.
Defendants’ property is 234 feet by a depth of 400 feet, together with certain improvements, viz., the home, which was located on the property at the time the suit was filed. At the time of the filing of the suit there was a fence that separated the improved portion from the cultivated area in the rear across which the right of way was granted. This right of way goes across the southwest corner of defendant’s property. It is also shown that some time previous thereto another gas line had been located within approximately fifty feet of the rear line of defendants’ property for which defendants had been paid $50, we assume for damages to his property. The new gas line would cross the southwest corner of defendants’ property for a distance of about 80 feet and would be located 198 feet from the nearest point of the residence, and would be buried approximately 30 inches from the top of the pipe to the level of the ground and would carry 800 pounds pressure per square inch, which is considered a high-pressure line. While this small piece of property had been used for rice land or for agricultural purposes, as found by the District Judge it is shown that it has a value for future home sites. The property was rural and was being used for rent purposes. The value of the land which was in contest was fixed at $1,000 and the improvements at $5,200, making a total of $6,200. Based upon this amount the District Court awarded for the depreciation in value of the remaining property and improvements as a home site or rent property the sum of 10% of the total value of $6,200, or $620.
It is not necessary that the testimony of the defendants’ witnesses as to these damages be detailed as we do not feel that the District Court used their testimony in *297 arriving at his award, for they fixed it from 25% to 50%, which has no sound basis in that the witnesses could not give any reasons.
The District Court in its oral reasons which are transcribed and in the record, states that these greater percentages are based on the argument that there is a danger and fear existing which results from the location of the pipe line, however, there is no evidence that these lines have been known to blow up. Furthermore, the case of Texas Pipe Line Co. v. Barbe, 229 La. 191, 85 So.2d 260, in which it was stated that the line in that case was potentially dangerous and leaks are expected to occur in the line from time to time and when they do occur explosions do result, is a case in which the line was carrying high octane gasoline. Mr. Parker, an expert witness on behalf of the plaintiff, testified that he had lived in Acadia Parish forty years and was in the real estate business fifteen years and was familiar with the prices of property in the parish, and that he could foresee no other value for the property in question than as a home site, and that although it is shown the defendants paid $750 for the property, he valued the land and improvements at the time of the trial at $6,000. This witness under cross-examination stated that in his opinion there would not be any difference in the value of the property after a pipe line was laid across it than there was before: “unless it was for a subdivision or for homes, something like that, but in a field like it is out there I can’t see that it would affect the value of it at all.” He thought the pipe line was so far from the house that it would have no effect upon the value of the property as presently constituted.
The other expert who testified for the defendants was apparently eminently qualified by training and experience and we feel the District Court relied to a great extent upon his testimony in arriving at his award. This witness when qualified by counsel for plaintiffs gave the following testimony:
“By Mr. Cousin:
“Q. I would like to inquire something with reference to this new point you brought out. When you spoke of this depreciation in the value of the property, what is the cause for that depreciation? A. Well, first of all there is a right of way across the property on which you have an easement or the Tennessee Gas Transmission Company has a right of use, and there are—
“Q. What you are speaking of — is what you are speaking of a difference in overall value of the whole tract? A. That is correct.
“Q. In other words, if the tract has a value of $1000.00 now without the right of way, you mean it would have a value of 5% less than $1,000.00, is that what you mean? A. In my opinion, yes; that is what I mean, and my opinion, that is what I base it on.”
Counsel for plaintiffs contends that this witness was referring only to the property expropriated or the .14 of an acre. It seems clear from his testimony that he was taking the value of the entire tract and depreciating it 5%, in this case 5% of $6,200 or $310. The District Court awarded 10% which it would appear is not manifestly erroneous. Counsel for plaintiff seems to be disturbed because he argues that fixing the amount at 10% would be establishing a dangerous rule or precedent for arriving -at damages to the adjoining property. We are not establishing any definite rule or precedent to be followed in any other case of this nature involving the same question. Each case must stand on its own facts with regard to the amount of damages to the adjoining property.
For the reasons given, the’judgment is affirmed.