ELLIS, Judge.
This is an expropriation suit which is on appeal as to the value of the property taken for a servitude and the severance damages to the remainder of defendant’s property.
Judgment was rendered by the trial court granting the proposed right of way to the plaintiff and assessing damages of $5,844.60. This award included the total or “fee” value of the land used as a right of way by plaintiff in the sum of $5,094, and severance damages to the remainder of defendant’s lands in the amount of $750. There were no written reasons but a minute entry reveals the above awards.
In reviewing the record, it appears that there are two tracts in question which are referred to as Tract “A” and Tract “B”. Tract A is the right of way which passes through the southern area of plaintiff’s land in a diagonal fashion and consists of 5.422 acres in all. Tract B cuts across the northern portion of defendant’s land and constitutes an area of 1.006 acres altogether.
It appears that Tract A was cut over land or pasture land and Tract B was timber land. Tract A was also used as an experimental Chicken Farm and there were three brooder houses in close proximity to the right of way, with an indication in the record that the brooder houses were not extended to their full length because if this had been done the brooder houses would have extended into the plaintiff’s right of way. In addition, to these uses of the land, it is clearly brought out that the Tricou property has an extensive frontage on black-top highways of approximately one half mile and lies in a well-to-do white residential area.
The gist of the testimony in the record is that the Tricou property would be appropriately used for residential sites. It lies approximately half way between Poncha-toula and Hammond on the east of Happy-woods Road and is bounded on the south by a paved road, and on the north by a graveled road.
Defendant’s appraisers were local real estate agents and plaintiffs appraiser has a place in Covington, Louisiana, but his main real estate business is in New Orleans. It is felt that the tesimony of both of defendant’s appraisers and the cross examination of plaintiff’s appraiser revealed that a residential use would be the highest and best use of the land in question.
*26 A portion of plaintiff-appellant’s brief concisely sums up pertinent Louisiana law on this subject as follows:
“It is well settled in the law of Louisiana that property under expropriation must be valued on the basis of its highest present day use and the price must be one as nearly as possible to that which a willing purchaser would pay a willing seller. Louisiana Power & Light Co. v. Simmons, 229 La. 165, 85 So.2d 251; Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541. The courts have also settled the proposition that in order to establish hypothetically what a willing purchaser would pay a willing seller, sales of similar property in the vicinity are the best criteria. [State, Through] Department of Highways v. Hebert, 227 La. 111, 78 So.2d 528; Caddo Parish School Board v. Bland, 228 La. 393, 82 So.2d 687. A further well-settled principle in Louisiana is that the most profitable use to which the land can be put by reason of its location, topag-raphy, and adaptability will be considered as bearing upon its market value. City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445; L[ouisville] & N Railroad Co. v. R. E. E. De Montluzin Co., 166 La. 211 [116 So. 854].”
Although plaintiff’s expert testified concerning the sales of property which he considered comparable, they were actually not equivalent to the tract in question. Much of the property he referred to was quite a distance from the Tricou tract. Although some of the tracts he described were not too far from the tract in question, they were definitely divided from it by canals or roads and were in much poorer residential areas.
The sale which was apparently used as a comparable by the Court was that of the Will Carter property. This property is very close to the tract in question. A two story residence approximately 50 years old is found on the Carter tract. There are live oak trees on the grounds and the place sold for $25,000. One of the defendant’s appraisers appraised the home at $10,000 and the other appraised it at $12,000. Plaintiff’s appraisers did not mention this sale.
There is a small creek that runs through the back of this property and a marshy area around the creek. The record is not clear as to the exact acreage of the Carter property but it shows clearly that it consisted of either “a little over 19 acres”, or 20.94 acres. The larger estimate is based upon a reference to deeds made by plaintiff’s counsel. These deeds were not introduced into evidence.
There are several variables in arriving at the cost per acre of the Will Carter tract. Rather than go into each of the possibilities, we will confine ourselves to fixing a cost of from around $620 to approximately $769 per acre as the basic price for this acreage. This depends upon which valuations of the home and estimates of the acreage are accepted as a basis of value.
Attorneys for plaintiff rely heavily upon a sale of another tract belonging to the Carter family to Lawrence E. Miller, the transfer having been made in March of 1959. The tract sold contained 98 acres and sold for $25,000 or at a rate of $255.10 per acre. Defendant’s appraisers were carefully questioned concerning the land involved and the circumstances surrounding the sale. It seems that the property is about one-fourth of a mile from the Tricou property. It fronts, for the most part, on a gravel road which forms a “T" intersection with the black topped Happywoods Road and fronts on Happywoods Road altogether about three and one fourth acres on both sides of the gravel road.
It was also noted that the Carters were anxious to dispose of the property and sold it for a low price. It was sold for a small down payment in connection with a credit act of sale “that had to be paid over a certain period of years for so much rate of interest.”
*27 All things considered it is found that the trial court was not manifestly erroneous in not considering this second Carter sale as indicative of the fair value of the Tricou property.
Taking into consideration the values placed upon the Carter acreage and the nature of the land, in that it contained a swampy area to the rear, we do not feel that the trial court was manifestly erroneous in finding the higher property belonging to Tricou to have a value of $750. It should also be noted that the Tricou frontage on hard surfaced roads is much more than is found in the Will Carter place.
Based upon an inspection and the alleged comparable sales which the court did not accept, the plaintiff’s expert was of the opinion that the cleared pasture land, which was a small piece of approximately one acre, was worth $300, and the five and one-half acres used for growing timber $150 per acre. He fixed the damage of the pasture land taken at 50% or $150, and that of the timbered land at 80% as it could no longer be used for growing timber, which would be $120 per acre or $660 for this item, giving a total damage in this expert’s opinion of $810 for the servitude and any severance damage. We agree with the trial court that this is entirely too low.
Defendant’s appraisers, based upon their knowledge of local values as real estate dealers of many years and upon the comparable sale of the Will Carter property with the home on it, estimated the value of the land taken at $750 per acre and the severance damages at 15'% “depreciation of the value of the land that was left to one side, plus the fact that they had deprived the owner of the use of fifty feet on each brooder house which was a total of 150 feet. * * *
We are of the opinion that the District Court’s acceptance of the value of $750 per acre for the land, based upon the testimony of the defendant’s appraisers, is not manifestly erroneous. However, the plaintiffs are asking for a servitude and not the fee. The possession of the plaintiffs of the servitude will be paramount and the line does divide plaintiff’s property and would interfere with further residential development. In addition, it is shown that the defendant would be deprived of the use of fifty feet on each of three brooder houses. In this case we feel that justice will be done by awarding to the defendant for the servitude and severance damages 80% of the fee value at $750 per acre or the sum of $3,856.80. This is based upon an area in the two tracts of 6.428 acres.
For the above and foregoing reasons the judgment of the District Court is amended by reducing the amount awarded the defendant to $3,856.80.
Amended and affirmed.