154 So.2d 594 (1963)
COLONIAL PIPELINE COMPANY, Plaintiff and Appellee,
v.
Portalice M. BABINEAUX et al., Defendant and Appellant.
No. 863.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1963.
*595 L. Carroll Fogleman, Lake Charles, for defendants-appellants.
Plauche & Stockwell, by James R. St. Dizier, Lake Charles, for plaintiff-appellee.
Sanders, Miller, Downing, Rubin & Kean, by R. Gordon Kean, Jr., Baton Rouge, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is an expropriation suit, brought by plaintiff, Colonial Pipeline Company, against the defendants, Mr. and Mrs. Portalice M. Babineaux, for a 50-foot wide servitude to construct a 36-inch pipeline for the transportation of petroleum and by-products thereof. The sole issue is the amount of compensation and damages to be awarded the defendants. After trial, the district judge awarded defendants the total sum of $4,716, of which $3,122.80 represents the value of the servitude taken, $1,243.20 represents the amount of severance damages to defendants' remaining property, and the sum of $350 represents the rental value of a 25-foot abutting servitude to be used for a period of 18 months during the construction of the pipeline. Defendants appealed, seeking an increase in the award to approximately the sum of $12,920.
The tract of land owned by defendants fronts 334.5 feet on the east side of Gulf Highway, runs back between equal and parallel lines a distance of 1298 feet and contains 9.96 acres. It is just south of Lake Charles in a developing commercial and residential area. The permanent servitude, being taken for a pipeline, covers the south 50 feet of this tract of land, from front to rear. The temporary servitude for a period of 18 months, covers the adjoining 25 feet. The only substantial improvement on the property is defendants' residence, a large brick home containing 7 rooms and 2 baths and valued at approximately $28,000. This home is located a distance of 125 feet from the highway and is 112.5 feet from the north line of the proposed servitude and a distance of 132 feet from the actual pipeline itself.
Plaintiff introduced the testimony of three expert appraisers, Mr. William B. Coleman, Mr. Leonard E. Pauley and Mr. George B. Hines, Jr. Defendants introduced the testimony of two expert appraisers, Mr. Dalton J. LeBlanc and Mr. Curtis M. Handley. All of these experts followed generally the same method of appraisal, i.e., they considered the front 200 feet of the property as best suited for commercial establishments on the highway, and the rear 1,098 feet as best suited for development into a residential subdivision. Therefore, in considering the value of the servitude taken, and the extent of severance damages to the remaining property, we will treat separately the front 200 feet and the rear 1,098 feet.
The five expert appraisers were in substantial agreement as to the value of the front 200 feet. Their appraisals per front foot were as follows: Coleman$65, Hines $50, Pauley$60, LeBlanc$60, and Handley$60. Under these appraisals we think that the front portion of the property is shown to be worth at least $60 per front foot for commercial purposes. This is $10 more per front foot than the $50 valuation used by the trial judge in his computations.
At $60 per front foot, the 50 feet of frontage within the right of way would have a value of $3,000. The next issue is what percentage of this fee value must be accorded to the servitude taken. The expert appraisals were as follows: Coleman 662/3%, Hines50%, Pauley75%, LeBlanc *596 100%, and Handley100%. We think that a figure of 75% is reasonable and is supported by the evidence. Although no permanent structures can be erected on the 50-foot right of way, the surface area would have some value to a prospective commercial purchaser for parking, lawn, etc., and is certainly worth something. We cannot agree with the defendants' two appraisers that the land burdened with the 50-foot servitude would be absolutely worthless. Thus, the value of the servitude taken across the front 200 feet is 75% of $3,000 or the sum of $2,250.
Passing now to a consideration of the value of the servitude taken across the rear 1,098 feet, we find that the value of the rear portion of the property, for development as a residential subdivision, was estimated on a per acre basis by the five appraisers as follows: Coleman$2,520, Hines$3,000, Pauley$2,250, LeBlanc $4,000, and Handley$4,000. Under the evidence we think that the figure of $3,000 per acre used by the trial judge is amply supported. According to our computation, the 50-foot right of way across the rear 1,098 feet contains 1.03 acres which, on the basis of $3,000 per acre, would have a value of $3,090. The estimates of the five appraisers as to the value of the servitude, in proportion to the fee value, was as follows: Coleman60%, Hines50%, Pauley 60%, LeBlanc100%, and Handley100%. Under the evidence we think that 60% is a proper figure. Certainly the 50-foot strip burdened with the servitude would have some value to prospective purchasers of residential lots for play area, gardens, lawns, etc. The concensus of the experts is that residential use will suffer slightly less than commercial use, because of the servitude. Thus the value of the servitude taken across the rear 1,098 feet is 60% of $3,090 or the sum of $1,854.
The defendants' most serious complaint on appeal is as regards severance damages to the remaining property. The expert appraisers estimated severance damages as follows: Colemannone, Hines10% of the value of the property within 100 feet of the right of way, Pauleynone, LeBlanc $6,000, and Handley$4,500. The trial judge used Mr. Hines's estimate of 10% of the value of the 100 feet next to the right of way. We find no error in this regard. Although Mr. Coleman and Mr. Pauley testified as to several examples where the value of property was apparently not affected by the presence of an adjacent high-pressure pipeline, we think the jurisprudence of this state supports the finding of Mr. Hines and defendants' two appraisers that the fear of explosion and fire from such a pipeline might deter prospective purchasers, for commercial or residential purposes, and thereby diminish the value of the adjacent land. See Texas Pipeline Company v. Barbe, 229 La. 191, 85 So.2d 260, and Texas Pipeline Company v. National Gasoline Company of Louisiana, Inc., 203 La. 787, 14 So.2d 636.
However, defendants' very able and energetic counsel argues strenuously that more than the 100 feet adjoining the right of way will be diminished in value. Defendants contend that the entire property, and in particular the $28,000 residence of the defendants, which will be 132 feet from the pipeline, will be decreased in value. Defendants urge that Mr. LeBlanc's estimate of $6,000 for severance damages should be awarded.
We agree with the trial judge that the testimony of the defendants' appraisers, Mr. LeBlanc and Mr. Handley, as regards severance damages is not supported by any comparable sales and is not well reasoned. Actually, these two appraisers gave no reasons except to state that from their general knowledge of real estate they estimated defendants' remaining property, including the residence, would be diminished in value by the sum of from $4,500 to $6,000.
We find no reasonable basis in the evidence of this case, or in the jurisprudence of this state, to support an award of severance damages to those portions of the property located more than 100 feet from the pipeline *597 right of way. In the case of Texas Pipeline Company v. National Gasoline Company of Louisiana, Inc., supra, cited by defendants, the court sustained an award of 50% of the market value of residential property lying within 50 feet of the right of way. In the case of Trunkline Gas Company v. Cassidy, 138 So.2d 424 (3rd Cir. La.App. 1962) the court allowed severance damages of 75% of the value of the lots across which the pipeline right of way actually traversed. In the case of Tennessee Gas Transmission Company v. Bailey, 93 So.2d 296 (1st Cir. La.App.1957) the court affirmed an award of severance damages of 10% of the value of a 2½ acre tract, measuring 234 feet by 400 feet, refusing to increase the award above 10% as requested by the landowner. We do not see that the holdings in these cases are in any way inconsistent with the trial judge's finding in the present case, that severance damages of 10% should be limited to the 100 feet adjacent to the pipeline right of way.
Thus, our computation of severance damages is as follows: The 100 feet adjacent to the right of way and fronting on the highway and running back a distance of 200 feet, is valued in fee at $60 per front foot or a total of $6,000. Severance damages of 10% based on this amount would be $600. As to the rear portion of the land, the 100-foot strip adjacent to the right of way would have a total length of 1,098 feet and contain 2.54 acres, which, on the basis of $3,000 per acre, would total $7,620 for the value in fee. 10% severance damages is $762.
The final issue is the value of the temporary servitude covering a 25-foot strip for 18 months. The trial court's award of $350 for this item seems both reasonable and amply supported by the evidence.
Summarizing, we think the award by the district court should be increased to the total sum of $5,816, itemized as follows: (1) The value of the 50-foot servitude taken across the front 200 feet of the property $2,250; (2) The value of the 50-foot servitude taken across the rear 1,098 feet of the property$1,854; (3) Severance damages of 10% of the fee value of the 100-foot strip adjoining the right of way on the front portion$600; (4) Severance damages of 10% of the fee value of the 100-foot strip adjoining the right of way on the rear portion of the property$762; (5) Value of the temporary servitude on the 25-foot strip for 18 months$350.
For the reasons assigned the judgment appealed is amended by increasing the total compensation and damages payable to the defendants from $4,716 to $5,816. As thus amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellee.
Amended and affirmed.