196 So.2d 620 (1967)
TEXAS GAS TRANSMISSION CORPORATION, Plaintiff and Appellant,
v.
Orelie BROUSSARD, Defendant and Appellee.
No. 1956.
Court of Appeal of Louisiana, Third Circuit.
March 21, 1967.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, by Charles W. Lane, III, New Orleans, Davidson, Meaux, Onebane & Donohoe, by Andrew J. S. Jumonville, Lafayette, for plaintiff-appellant.
Mouton & Mouton, by F. Fred Mouton, Lafayette, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, Texas Gas Transmission Corporation, instituted these proceedings to expropriate a "right of way and easement" across the lands of the defendant, Orelie Broussard, for the construction of a natural gas pipeline. Judgment was entered granting the servitude and awarding compensation and damages therefor.
The sole issue on appeal is whether the award is excessive.
We will first state some general rules as to the measure and amount of compensation and severance damages in expropriation suits: The expropriating authority *621 must pay the fair market value of the property expropriated. This means the value which a willing purchaser would pay and a willing seller would accept at the time of the expropriation, considering the best and highest use for which the property is suited. Louisiana Power & Light Company v. Simmons, 229 La. 165, 85 So. 2d 251; Texas Gas Transmission Corporation v. Fontenot, La.App., 133 So.2d 841. Where there is only a partial taking, the expropriator must also pay severance damages to the remaining land. The measure of severance damages is the difference between the market value of the remaining property immediately before and immediately after the expropriation. City of Shreveport v. Worley, 240 La. 117, 121 So.2d 506; Central Louisiana Electric Company v. Dunbar, La.App., 183 So.2d 111.
The subject property is a farm of 62 acres located about 5 miles south of the City of Lafayette. It is irregular in shape. The northern boundary fronts about 800 feet, and the southern boundary about 1700 feet, on two public gravel roads. The expert appraisers all generally agree that the portions fronting on the two roads are best suited for rural homesites and the interior portion for good farmland.
The servitude expropriated is 50 feet in width and extends approximately through the center of the farm, from north to south, a distance of about 2195 feet. It bisects the road frontage on both ends. A 20 inch, high pressure, natural gas pipeline is to be laid 30 inches below ground surface. The area included in the servitude is 2.52 acres.
Plaintiff's two expert appraisers, Mr. Maurice Chappuis and Mr. George Parker, expressed substantially similar opinions. With small variations, these were about as follows: The value of the property suitable for homesites is about $1200 per acre and the interior, best suited for farming, is about $650 per acre. Chappuis valued the entire 62 acres at $40,250 and Parker at $52,500. As to the servitude taken, the value of the portion crossing homesites,.52 acres, is $1000 per acre or a total of $520. The portion of the servitude crossing the interior farmland is valued at $500 per acre, which, for the 2 acres, would be $1000. The temporary work area is valued at $60.45. Chappuis placed the total for the servitude taken at $1580.45 and Parker at $1776.84. Both of these experts were of the opinion that the remainder of the defendant's property suffered no severance damages whatever.
The defendant landowner's expert appraisers, Mr. Preston J. Babineaux and Mr. Gordon Hamner, appraised the 22 acres suitable for homesites at $2,000 per acre and the interior farmland at $1000 per acre, giving a total valuation of $84,000 for the 62 acres. As to the value of the servitude taken, they concluded 1 acre would cross the homesites and that the value of the servitude was the same as the full market value of the property, i. e. $2000 per acre. Similarly, the 1.5 acres of the servitude which crosses interior farmland was assessed at its full fee value of $1519. Thus they appraised the value of the servitude taken at $3519.
Defendant's appraisers felt that severance damages were sustained by the remainder of the property. Figuring homesites fronting 100 feet each on the public road, and running back a distance of about 400 feet, they estimated that the homesites adjacent to the easement on both the north and the south ends (4 homesites in all) would suffer a 40% loss in value by reason of proximity to the high pressure gas line. The value of these 4 lots is $8000, of which 40% is $3200 in severance damages. These experts also thought the remaining 18 homesites, of 1 acre each, would suffer a loss in value of 10%, or severance damages totaling $3600. The remaining 37.5 acres of interior farmland was estimated to also suffer severance damages of 10% or a total of $3752. Thus, the total severance damages estimated by these experts was $10,552. Adding these severance damages to the value *622 of the servitude taken they reached a total of $14,071 for compensation and damages.
The trial judge evaluated this expert testimony as follows: Instead of using different values for the homesites and the interior farmland, he found an overall value of $1100 per acre for the 62 acres, which would give a total of $68,200. (Figuring the interior farmland at about 50% of the value of the homesites, as the appraisers did, this would be about the same as $1600 per acre for the 22 acres of homesites and $800 per acre for the 40 acres of interior farmland.) He found the value of the servitude taken to be the full market value of the property and awarded $2,772 for the 2.52 acres within the right of way.
As to severance damages, the trial judge found that the 4 homesites adjacent to the servitude were devalued 40%, which, on the basis of $1100 per acre, gives $1760. 10% severance damages were allowed on the remaining 18 homesites, i. e. $1980. No severance damages were allowed for the interior farmland. The total severance damages were found to be $3740.
The lower court's total award for the value of the servitude taken and severance damages, including $102.30 for the temporary work area, was $6,614.30.
Although we do not fully agree with the measurement of compensation and damages used by the trial judge, we think, viewed as a whole, the evidence justifies the total award which he has reached. We cannot agree with the lower court that the value of the servitude taken is the same as the full market value of the land.[1] The 2.5 acres burdened by the servitude can still be used by the owner for raising crops, grazing livestock, enjoyment of mineral rights, etc. We think the 1 acre of servitude taken from homesite property could be valued at 75% of the full market value of the land. Using $1600 per acre as the value of the homesites, which, as noted above, is approximately the figure found by the trial judge, this would result in a valuation of $1200 for the 1 acre of servitude which crosses homesite property.
As to the interior farmland, we think the servitude could be valued at 60% of full market value. Using a value of $800 per acre for the interior farmland, this would result in an award of $720 for the 1.5 acres of the servitude which crosses that portion of the farm. Under these computations, a total award of $1920 for the servitude taken is fully justified.
Now let us turn to severance damages. Again using a valuation of $1600 per acre for the 4 homesites adjacent to the servitude, would give a total market value of $6400. Severance damages of 40% would be $2560 for these 4 lots.
The trial judge allowed 10% severance damages to the remaining 18 homesites. This is questionable because the homesites located several hundred feet from the pipeline will not suffer in value. However, we do think that a few of these additional homesites did suffer severance damages. Also, we think that the interior farmland which was bisected by this pipeline suffered some severage damage. We will not attempt to fix a definite percentage of severance damages to additional lots or to the interior farmland. If only $2032 is allowed for such severance damages and added to the $1920 we have found justified for the value of the servitude taken, and $2560 as severance damages on the 4 lots, the trial judge's total award of $6512 (which does not include $102.30 for the work area) is well within the range of his discretion in cases of this type.
*623 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
NOTES
[1] See Colonial Pipeline Company v. Babineaux, La.App., 154 So.2d 594 (3rd Cir. 1963) for a full discussion of the factors involved in the measurement of value of servitudes. The percentages used there are about the same as those used by us in the present case.