MILLER, Judge.
Plaintiff United Gas Pipeline Company was awarded a servitude through defendant Pierre LeBlanc’s property located approximately two miles east of Lafayette, Louisiana. Landowner appealed seeking (1) an increase in the award for the servitude, and (2) severance damages. We affirm.
The servitude of right of way was granted:
“ * * * for purpose of construction, erection, extension, maintenance, repair, use, replacement, changing the size of, abandonment and removal at will, in whole or part, of a pipeline approximately 36 inches in diameter and appurtenances thereto including markers and vents at road crossing and electrical protection equipment, for the transportation of natural gas on, over, under and through (landowner’s tract), together with the right of ingress and egress from said right-of-way over and across said tract of land for all such purposes.
“ * * * the servitude and other rights referred to, will not affect the rights of (landowner) to have and retain the use and enjoyment of the premises for any further purpose which does not damage or interfere with the use of the aforedes-cribed servitude of right-of-way for the purposes for which the same is granted, and further that (landowner’s) use will be restricted as follows, in that no houses, structures, or other obstructions shall be located on or over the right-of-way area; no roads, streets or paving shall be located on or over the right-of-way area within ten feet (10') of either side of the pipeline and no roads or streets shall be dedicated to the public, state, or local government over the pipeline itself, except such roads, streets, paving and utility facilities that may be required to assure free ingress and egress across (as distinguished from along) said right-of-way area and the grade over the right-of-way area, shall not be changed.”
Plaintiff is obligated to return the surface of the land to its former level and approximate condition.
Plaintiff’s expert witness Dan A. Ritch-ey valued the servitude area (.385 of an acre) at $1100 per acre. The trial court accepted the $1300 per acre appraisal of landowner’s experts Jessee Guidry and Preston J. Babineaux. This $1300 valuation has been accepted by both parties.
Landowner seeks 100% of the value of the land burdened with the servitude instead of the 80% awarded. He cites Texas Pipe Line Co. v. National Gasoline Co., 203 La. 787, 14 So.2d 636 (1943) where 100% of the value of the land was awarded for the servitude. There, the land was bought to be used as a residential subdivision. It was in close proximity to Bossier City and was crossed by U.S. Highway 80 and another highway.
Landowner has failed to show that he acquired this land for any purpose other than its present use. More in point are the cases of Texas Gas Transmission Corporation v. Hebert, 207 So.2d 368 (La.App.3d Cir. 1968) awarding 75% of land value for the servitude; Texas Gas Transmission Corporation v. Broussard, 196 So.2d 620 *914 (La.App. 3 Cir. 1967) awarding 75% of land value for the servitude; and Colonial Pipeline Company v. Babineaux, 154 So.2d 594 (La.App. 3 Cir. 1963) awarding 60% of land value for that part of the servitude affecting “back” property.
Appellant’s argument for severance damages rests entirely on its contention that the highest and best use of this property is for subdivision purposes. Landowner’s experts so testified and opined that 4.84 acres (250 feet on either side of the servitude) would suffer a diminution in value of 40%. Based on the $1300 per acre valuation, landowner seeks $2,516 in severance damages.
Landowner’s 65 arpent tract is approximately a mile long strip by about 375 feet wide and connects landowner’s home and racehorse farm with the Vermilion River. When this 65 arpent tract was added to landowner’s contiguous properties, he had a total of 180 acres. The property is in the neighborhood of Section 93, Township 9 South, Range 5 East, of Lafayette Parish, sometimes referred to as “Coonville”, or “Ti Bayou”, or “Prairie Sorrells”, or “Anse LaButte”.
The 40 foot wide servitude crosses 414 feet of the long strip of land at a point more than 3000 feet northwest of the Vermilion River. Landowner’s dwelling and other contiguous farm properties are located more than 2000 feet northwest of the servitude. The northwest corner of the 65 arpent tract is located approximately one-half mile west of the Lafayette Breaux Bridge highway which is the nearest road. The elevation of this 65 arpent tract is approximately 5 feet.
The record abundantly supports the trial court’s finding that
“Defendant raises and trains racing horses on and about the 180 acre tract. On the highway he has a very attractive residence and the whole area from the highway to the river is well landscaped, well fenced, well drained and is a very pleasing area. It is esthetically attractive.”
Landowner purchased the 65 arpent tract some five years earlier for $327 per acre. It was estimated that as much as $400 per acre additional was spent to clear the land, level, drain and put the land into its present state as improved pasture. Additionally, landowner constructed a 25 foot wide shell road running along the south edge of the tract for its entire length. This road met standards for shell roads used in subdivisions. Landowner has a camp located at the Vermilion River end of the tract and a lake constructed in the low land near the camp.
Landowner did not testify. The only testimony indicating that the tract is suitable for subdivision purposes was from his two experts. The land is presently used'as improved pasture in conjunction with landowner’s training race track and stables located on his adjacent properties.
Plaintiff’s expert opined that the property was not suitable for a subdivision and assigned numerous reasons.
The trial court found that the area where the pipeline traverses the land is not suitable for subdivision property. There are no subdivisions in the neighborhood. The servitude is a mile from the nearest public road. It was established that FHA will not lend money for homes built on property below an elevation of 20 feet above sea level. This property is substantially below that elevation. There is no testimony to the effect that landowner intended to attempt to subdivide this property.
Appellant has not established manifest error in the trial court’s decision that the best and highest use of this property is for agricultural or horse raising purposes, the use to which it is being put at the present time.
Severance damages may be established by expert opinion testimony provided that such opinion is supported by ad *915 equate reasoning and is accompanied by an express showing that the witness has special knowledge by reason of either experience in dealing with similar conditions or situations or as a result of a study based upon comparable sales. Colonial Pipeline Company v. Babineaux, 154 So.2d 594 (La.App. 3 Cir. 1963).
Having found no manifest error in the trial court’s rejection of landowner’s claim that his land’s highest and best use is for subdivision purposes, landowner’s arguments for severance damages are without merit.
The trial court’s judgment is affirmed. Costs of this appeal are assessed to defendant-appellant.
Affirmed.