404 So.2d 1290 (1981)
TOWN OF RAYVILLE, Louisiana, Plaintiff-Appellee,
v.
Dallas THOMASON, et al., Defendants-Appellants.
No. 14637.
Court of Appeal of Louisiana, Second Circuit.
September 29, 1981.
*1292 Coenen, Berry & Bruyninckx by James W. Berry, Rayville, for defendants-appellants, Dallas Thomason and Sarah Aycock Thomason.
Law Offices of William R. Coenen by William R. Coenen, Jr., Rayville, for plaintiff-appellee.
Before PRICE, HALL, and FRED W. JONES, Jr., JJ.
HALL, Judge.
The Town of Rayville filed suit to expropriate a part of defendants' 200 acre farm property for the purpose of enlarging the Rayville Municipal Airport. The primary issue at trial was the highest and best use of the property: farmland as contended by plaintiff or rural residential as contended by defendants. The extent of severance damages was also an issue. The district court found the highest and best use to be as farmland and found the value of the affected property to be $2,100 per acre. Defendants were awarded a total of $79,000, consisting of (1) $60,000 for the taking in fee of 28.45 acres; (2) $4,300 for the taking in fee of 2.037 acres; (3) $5,800 for the taking of a clear zone easement affecting 6.867 acres, figured at 60 percent of the $2,100 per acre value; and (4) $8,800 severance damages to a 10.5 acre remaining tract, figured at 40 percent of the $2,100 per acre value.
Defendants appealed, specifying as error that:
(1) The trial court erred in finding that the highest and best use of the property taken is for agricultural purposes; and
(2) The trial court erred in that its award of severance damages was inadequate.
Defendants have also filed in this court a motion to remand the case for a determination by the district court of the increase in value of the property since the date of trial in February 1980 to the time of actual taking of the property, alleging that the plaintiff has not paid the amount of the judgment, has not taken title to the property, and that the value of the property has increased substantially during the interim period of time over a year and a half.
We deny the motion to remand, amend the judgment to increase the award of severance damages and to award legal interest, and otherwise affirm.
The property being taken is part of a 200 acre farm owned by the defendants, on which they reside, located about a mile from the Rayville town limits and less than a mile north of U. S. Highway 80. Defendants' property lies north and northwest of the Rayville Municipal Airport. The property is, in effect, divided by a private lake and the appraisers for both sides dealt only with that part of the property lying east of the lake as a separate unit for purposes of valuation and damages.
There are about 55 acres lying east of the lake, 47.9 acres of which is prime cotton farming land. On the remaining 7 plus acre tract fronting the lake are located defendants' home, equipment shed, barn, and a couple of tenant houses.
The airport adjoins defendants' property to the south. The existing north-south paved runway comes to within 110 feet of defendants' south property line. Defendants' home is located 500-600 feet northwest of the end of the runway. The primary expansion planned is an extension of the north-south runway a distance of some 1,800 feet to the north.
*1293 The 28.45 acre tract being taken is a rectangular tract measuring approximately 643 feet east and west and 2,013 feet north and south. The 6.867 acre clear zone or height limitation easement tract is a northerly extension of the 28.45 acre tract. The 2.037 acre tract for drainage lies at the north end of the property. The 10.5 acre remaining tract out of the 47.5 acre farming unit lies between the property taken and the lake to the west.
HIGHEST AND BEST USE
Market value means the worth of the land considered in light of its best and highest use, this being the most favorable employment to which the property is adaptable and may reasonably be put in the not too distant future. State, Department of Highways v. Rapier, 246 La. 150, 164 So.2d 280 (1964). If unimproved property is to be valued on the basis of residential development, there must be some reasonable expectation that the property will be used for that purpose in the not too distant future. State, Department of Highways v. Talbot, 200 So.2d 97 (La.App. 1st Cir. 1967), writ refused 251 La. 49, 202 So.2d 658 (1967). Some factors to be considered in determining highest and best use are: proximity to areas already developed in a manner compatible with the intended use; action already taken to develop land for that use; scarcity of land available for that use; use permitted by zoning ordinances; use to which the property is being put at the time of taking; existence of offers to buy property by those wanting to develop residential property or by those wanting to buy residences; and residential market in the vicinity. City of New Orleans v. Cloutet, 296 So.2d 357 (La.App. 4th Cir. 1974).
Defendants' two appraisers were of the opinion that the highest and best use of the property is for rural residential development. Some of the reasons given for this opinion were proximity of the property to the Town of Rayville, the amenities of the lake, lack of available homesites in the town, and the existence of a few nice homes, including defendants', in the area. The appraisers discounted the effect of the existing airport with its attendant noise, danger factors, and the like, pointing out that property near airports in other cities has been developed for residential purposes.
Plaintiff's two appraisers were of the opinion that the highest and best use of the property is for agricultural purposes. The trial court found their testimony to be persuasive and well supported, and we agree. Some of the more persuasive reasons for reaching the conclusion that the highest and best use of the property is for agricultural purposes rather than residential development are: the land, except for the lake frontage, is presently being farmed and is prime, highly productive cotton land; the land to the east and north is farmed by other owners and the land to the south is occupied by the airport; the proximity of the airport, which is used primarily by agricultural aircraft, with attendant noise, pollution, and safety hazards, renders the property undesirable for residential development; the airport zoning ordinance limits the height of improvements which may be located on defendants' property north of the existing runway; the property is unimproved with no existing sewerage lines and the like; more desirable land suitable for rural residential development in the Rayville area is not scarce; and defendants have no plans for sale or development for residential purposes in the foreseeable future.
The district court correctly concluded that the highest and best use of the property is for agricultural purposes. The value of the land for agricultural purposes as testified to by plaintiff's appraisers and adopted by the trial court, was higher than that testified to by defendants' appraisers, so defendants make no complaint in this respect.
SEVERANCE DAMAGES
Severance damages are the difference between the market value of the remaining property immediately before and immediately after the taking. The before and after test may be applied to segmented areas of the remainder and the several sums added to make up the total award. M. Dakin & M. Klein, Eminent Domain In *1294 Louisiana, at pp. 76-77 (1970). Where the landowner's farm is composed of different tracts, each tract may be valued separately according to the extent to which it is affected by the taking. State, Department of Highways, v. Anding, 189 So.2d 445 (La. App. 3d Cir. 1966).
Defendants' argument that severance damages awarded for the 10.5 acre tract remaining out of the 47.9 acre farm tract are inadequate is based on their contention that the highest and best use of the land is for rural residential development. Their appraisers calculated severance damages on the basis of a reduction in value from rural residential property to agricultural property. The determination that the highest and best use of the land is agricultural is dispositive of defendants' contention in this regard. It is notable that defendants' appraisers assigned full agricultural value to the remainder tract. Plaintiff's appraisers testified the remaining tract was damaged to the extent of 10 percent of its value. Nevertheless, the trial court concluded the remainder tract was damaged because of its reduced size and awarded damages based on a 40 percent reduction in value, an award entirely favorable to the defendants once the highest and best use issue was decided.
Defendants also complain about the trial court's failure to award severance damages for a reduction in value of the lake front property on which defendants' home and other improvements are located. This contention has merit.
Plaintiff's appraisers assigned no reduction in value to the lake front property including defendants' residence, apparently because of their approach in only considering value and damages for the 47.9 acre farm tract and omitting entirely from their consideration the lake front property lying between the farm tract and the lake.
On the other hand, defendants' appraisers considered the entire tract east of the lake, including the lake front property, in their calculations of value and damages. They concluded that the value of defendants' residence and improved property would be reduced substantially by the expansion of the airport. The approach of defendants' appraisers makes sense. The property east of the lake should be considered as a unit composed of a farm residence and improvements with adjoining farmland. Because of the close proximity of the residential lake front property to the land being taken and because it is a part and parcel of the parent tract out of which the property is being taken, there is no justification for treating it as an unrelated, unaffected tract.
After the taking, the improved lake front property will be bounded not by farmland, but by the expanded airport. Surely the value of the defendants' remaining improved property east of the lake will be reduced by virtue of this change in character of the adjoining property. This conclusion logically flows from the reasoning of plaintiff's own appraisers as to the undesirability of property adjacent to an airport for rural residential purposes.
We are persuaded that the remaining lake front property will be reduced in value, but not to the full extent estimated by defendants' appraisers. Assuming a value of $175,000 for this property including defendants' residence, which value we derive from the totality of the evidence, we find a diminution in value of 10 percent, and that an appropriate award of severance damages to this property is $17,500. The judgment will be amended to reflect this increase in the award.
MOTION TO REMAND
Defendants filed in this court a motion to remand, alleging that the plaintiff has not paid the amount of compensation awarded and has not taken title to the property, that the value of the property has increased substantially since the case was tried more than 15 months ago, and praying that the case be remanded to determine the increase in value from the time of trial to the time of actual taking by the plaintiff.
LSA-R.S. 19:110 provides that in estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed.
*1295 Cases have held that the property should be valued as of the time of filing suit, or the time of trial, or the date of the proceedings. State, Department of Highways v. Hayward, 243 La. 1036, 150 So.2d 6 (1963); Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491 (1959); Louisiana Power & Light Company v. Simmons, 229 La. 165, 85 So.2d 251 (1956); City of New Orleans v. Giraud, 346 So.2d 1113 (La.App. 4th Cir. 1977), writs denied 349 So.2d 884 (La.1977) and 362 So.2d 579 (La.1978); and Cypress-Black Bayou Rec. & W. Con. Dist. v. Conger, 234 So.2d 212 (La.App. 2d Cir. 1970).
The expropriation statutes do not provide specifically when the award must be paid, but provide only that payment of the compensation fixed in the judgment entitles the plaintiff to the property rights described in the judgment of expropriation. LSA-R.S. 19:111.
In this case, the value of the property was determined as of the time the contemplated improvement was proposed. There is no authority for redetermining the value as of a later date because of delays occasioned after trial due to the appeal process or because of nonpayment by the municipality of the amount of compensation fixed in the judgment. Here, defendants have apparently continued to have full use of this property and allege no damages occasioned by the delays.
Defendants did not pray for legal interest on the amount of compensation fixed in the judgment from the date of judgment. Nevertheless, under the authority of LSA-C.C.P. Art. 1921, we will amend the judgment to award legal interest on the amount of compensation fixed in the judgment from the date of judgment, December 31, 1980. Trunkline Gas Company v. Rawls, 394 So.2d 1250 (La.App. 2d Cir. 1981); Greater Baton Rouge Airport v. Hays, 339 So.2d 431 (La.App. 1st Cir. 1970).
EXPERT WITNESS FEES
Defendants point out that the district court judgment does not fix expert witness fees and ask that this court do so. This matter should be raised in the trial court by a rule to fix costs. LSA-R.S. 13:3666; LSA-C.C.P. Art. 1920.
DECREE
For the reasons assigned the judgment of the district court is amended to award defendants an additional sum of $17,500 as severance damages and to provide for legal interest on the amount of compensation fixed in the judgment from date of judgment until paid. As amended, the judgment is affirmed..
Amended, and as amended, affirmed.