FRUGÉ, Judge.
This is an expropriation suit brought by a pipeline, Texas Gas Transmission Corporation, against a property owner, Althi-mus Sigue.
Defendant is the owner of a certain tract of land in Iberia Parish. In 1955 plaintiff obtained a pipeline servitude from the defendant with the provision that all pipelines would be buried beneath the surface of the land. Shortly thereafter, plaintiff obtained an additional servitude from the defendant for the purpose of constructing *387 an aboveground gate valve with the right to enclose it by a fence. In 1962 plaintiff obtained another servitude from defendant to construct a second pipeline parallel to the first; in this agreement the plaintiff agreed to bury the pipeline so that it would not interfere with the cultivation of the property. However, contrary to the agreement, plaintiff constructed an additional above-ground gate valve. Defendant then brought suit and this Court ordered the plaintiff to remove the second aboveground valve within ninety days. Sigue v. Texas Gas Transmission Corp., La.App. (3rd Cir.), 154 So.2d 800.
Instead of removing the aboveground valve as ordered, plaintiff immediately instituted this suit to expropriate the land in question. The district court rendered a judgment for plaintiff and ordered it to pay defendant $53.00 for the property taken. From this judgment defendant appeals.
This suit was filed on October 22, 1963, and the order, petition and notice were personally served on defendant on October 24, 1963. After October 24, 1963, but more than ten days from that time, defendant filed certain motions, exceptions and finally filed an answer on November 18, 1963. The trial court refused to consider the motions, exceptions and answer because none of them had been filed within ten days after being served, as required by LSA-R.S. 19:6 and LSA-R.S. 19:7. The trial judge therefore held that the only issue that could be considered by the court was the amount of compensation due for the property and awarded defendant $53.00 for the property in question.
LSA-R.S. 19:6 and LSA-R.S. 19:7, which are part of the general expropriation statute, read as follows:
“§ 6. Service of answer on plaintiff
“The defendant shall file his answer and serve a copy thereof on the plaintiff within ten days after the service upon the defendant of the notice of the time fixed for the trial. Every answer when filed shall have a certificate thereon showing the service thereof.
The answer shall be served personally or by mail on either the plaintiff or his attorney of record in the suit.”
“§ 7. Laches by defendant forfeits defenses
“Failure of the defendant in any such suit to file his answer timely or to serve a copy thereof on the plaintiff timely constitutes a waiver by the defendant of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property.”
“Since the public interest requires that expropriation proceedings be concluded promptly, without delay or filibustering, and the statute fixes a summary proceeding and a penalty for failure of defendant to answer promptly, such penalty must be strictly enforced.” City of Gretna v. Mitchell, La.App. (Orleans Cir.), 64 So.2d 873, 874. It has been consistently held that the time limits for filing an answer under expropriation statutes are mandatory and failure to answer or plead within the time limit is considered a forfeiture and waiver by defendant of all pleas other than quantum and damages. State Through Department of Highways v. Jackson Brewing Co., La.App. (4th Cir.), 146 So.2d 504 and cases cited therein.
In the present case the defendant was served on October 24, 1963. During the subsequent ten days defendant did nothing insofar as filing pleadings was concerned. After that time, under the clear wording of LSA-R.S. 19:6 and LSA-R.S. 19:7, defendant forfeited all pleas other than quantum and damages. The wording of the statute is clear and free from ambiguity. When the legislative intent is clearly expressed the courts must follow it. LSA-Civil Code Art. 13; State Through Department of Highways v. Jackson Brewing Co., supra.
*388 Defendant contends that the expropriation statute in question has been impliedly repealed insofar as the time for filing pleadings is concerned. He argues that the time for filing set forth in the Code of Civil Procedure has superceded LSA-R.S. 19:6 and LSA-R.S. 19:7.
Article 1001 of the LSA-Code of Civil Procedure provides, in part, that “[a] defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.1’ (Emphasis added). We think that the wording of this statute clearly indicates that the legislature did not intend to repeal the provisions of LSA-R.S. 19 :6 and LSA-R.S. 19:7. Article 1001 of the Code of Civil Procedure sets forth a general rule as to the time for filing answers. However, the article itself shows that there are to be exceptions to this general rule. Certainly the rules for filing answers in expropriation proceedings embodied in LSA-R.S. 19:6 and LSA-R.S. 19:7 come within the phrase “as otherwise provided by law” in Article 1001 of the LSA-Code of Civil Procedure.
Defendant takes the position that he was entitled to an extension of time to file his answer as a result of a removal of this case to the federal district court and a remand by the federal court back to the state court. Counsel for defendant states that the case was removed to the United States District Court on November 5, 1963, well within the twenty days allowed by federal law for removal. Defendant’s counsel further states that the case was remanded to the state court on November 13, 1963. He contends that the removal and remand had the effect of extending his time to answer in the state court to a reasonable time after the case had been remanded to the state court.
76 C.J.S. Removal of Causes § 312 provides, in part, as follows:
“On remand the state court regains, if it has ever lost, complete jurisdiction of the cause, and it devolves on such court to proceed with it in the ordinary course, the order of remand being conclusive on the state court. On remand, the case resumes its position in the state court as originally filed therein, together with all pleadings, and, as far as jurisdiction over the parties is concerned, the case ordinarily returns to the state court in the same status as when the petition for removal was filed. It is incumbent on a defendant who removes a case to the federal court to see that his rights are protected in the state court in the event that the order of removal is determined by the federal court to have been improper and the case is remanded; and, if he has not answered or demurred in the state court and consequently is in default at the time the case is remanded, it has been held that plaintiff’s right to a default judgment is complete and attaches at the very moment the state court resumes jurisdiction after remand. The state court, after a remand, proceeds with the case according to its own views of the law and the facts, without regard to what views the federal court had on remand, and without regard to what views of the law were urged by any of the parties on the motion to remand.”
We feel that the abovequoted sets forth principles which are pertinent to the case before us. The petition for removal was filed on November 5, 1963. As of that date ten days had already passed since service of notice on the defendant. Thus, as of November 5, 1963, defendant had waived his defenses except claims for quantum and damages under LSA-R.S. 19:6 and LSA-R.S. 19:7. When the federal court remanded the case the state court then had that same case before it that it had on November 5, 1963, a case in which the defendant had waived his defenses except claims for quantum and damages under LSA-R.S. 19:6 and LSA-R.S. 19:7. The removal and *389 remand did not operate to revive defendant’s opportunity to file an answer.
 Defendant argues that the $53.00 awarded by the trial court was not just compensation for the servitude on defendant’s property.
Plaintiff called two expert witnesses who testified as to the value of the property taken. Each stated that it was his opinion that the highest and best use of the property would be for residential purposes. Each valued the land at five cents per square foot. Applying this figure to the 2,121 square feet taken, each arrived at the conclusion that the value of the property taken would be $106.00 if it were free from encumbrances. However, the property was encumbered with the prior servitudes; plaintiff’s witnesses stated that this called for a diminishment of the value of the property taken by 50%. Therefore, plaintiff’s witnesses arrived at a valuation of $53.00 for the property taken.
The defendant called an expert witness who testified that it was his opinion that the taking of the property surrounding the second valve was detrimental to all of defendant’s property in the area and that his loss would be about $1750 per acre over an area comprising about eighteen acres.
Defendant contended that periodic blowing or releasing of gas from the valve would devaluate the property in the area. However, plaintiff’s engineer testified that gas was released only three times for the purpose of construction and only for about one to two hours at a time. He testified that it is necessary to blow gas only when construction is in progress and not for maintenance purposes. He stated that the pipes are kept in first class condition and that the chance of an explosion from leakage is remote.
The trial judge correctly refused to award severance damages. It is to be remembered that the present servitude was obtained in order to construct a second aboveground valve, and that depreciation in value of the property taken for the servitude and also in the market value (severance damages) of the surrounding acreage had already occurred by reason of the erection of the first aboveground valve in connection with the servitude obtained for that purpose.
It is evident from the record that the trial judge was much more impressed with the evidence introduced by plaintiff concerning the appropriate compensation to be awarded. Our reading of the record leads us to the conclusion that the trial judge was not manifestly erroneous in his award of $53.00.
For the foregoing reasons the judgment of the district court is affirmed. Defendant is assessed costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.