**Althimus SIGUE, Appellant,**

v.

**TEXAS GAS TRANSMISSION CORPO-RATION, Appellee.**

No. 22283.

United States Court of Appeals Fifth Circuit.

Dec. 13, 1965.

Rehearing Denied Jan. 31, 1966.

Phil Trice, Simon & Trice, Lafayette, La., for appellant.

Burt W. Sperry, Shotwell & Brown, Monroe, La., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

This controversy involved the location of a second above-ground valve on the existing right-of-way of an interstate pipeline. Abstaining from a lengthy detail of the days in Courts enjoyed by Appellant, it is quite sufficient on this Record to say that he pursued his remedies in two separate series in the State courts, the jurisdiction of which he had invoked, all the way to the Supreme Court of the United States, where certiorari was denied. See La.App., 154 So.2d 800; La. App., 163 So.2d 386; 246 La. 580, 165 So.2d 480; and 379 U.S. 922, 85 S.Ct. 277, 13 L.Ed.2d 335. As stated, the pipeline company already owned the right-of-way. The Louisiana Court of Appeal held, however, that the right-of-way agreement did not carry with it the right to construct the second valve. It ordered the removal of the valve within a specified time. Within this time, the pipeline filed expropriation proceedings and obtained Judgment for the right to construct the valve. An award of fifty three dollars in favor of the Landowner was affirmed by the Louisiana Court of Appeal. The State and United States Supreme Courts declined to review.

Plaintiff then filed suit in the United States District Court for damages on the claim that he had been denied protected rights, privileges, and immunities under

color of state law as covered by 42 U.S. C.A. § 1983.

The District Court granted summary judgment for the defendant, expressly holding that under no view of the case could Plaintiff recover. In a well reasoned written opinion the Court held that the actions in the State court had been in conformity with state law as authorized by the federal statute for the acquisition of necessary property rights by duly certificated interstate pipelines, that the defendants had not acted under color of state law at all but had acted under the authority of federal law (15 U.S. C.A. § 717f(h)), and that this suit was nothing other than an attempt to have a Federal Court review the findings of a state court with which he was dissatisfied. With this we certainly agree.

Affirmed.